UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| DEBRA ROJAS, | § | |
|     *Plaintiff* | § | CASE NUMBER: 1:19-cv-00775 |
| | § | |
| v. | § | |
| | § | |
| TOLTECA ENTERPRISES INC. | § | |
|  d/b/a PHOENIX RECOVERY GROUP | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| & | § | |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| INSURANCE CO. OF AMERICA | § | |
|     *Defendants*. | § | |

## ORIGINAL COMPLAINT

1. Plaintiff Debra Rojas brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

4. Plaintiff Debra Rojas ("**Plaintiff**" or **"Rojas"**) is an individual who resides in Travis County, Texas.

5. Defendant Tolteca Enterprises, Inc., doing business as Phoenix Recovery Group ("**Phoenix**"), is a company organized and existing under the laws of the State of Texas. Phoenix may be served by serving its registered agent at the following address:

> Frank Gamboa
> 2939 Mossrock
> Ste. 220
> San Antonio, TX 78230

6. Defendant Travelers Casualty and Insurance Company of America may be served by serving its registered agent at:

> Corporation Service Co.
> 211 E. 7th St.
> Ste. 620
> Austin, TX 78701

## FACTUAL ALLEGATIONS

7. Rojas a 56-year-old woman residing in Travis County, Texas.

8. Rojas suffers from bipolar disorder, depression, and severe anxiety that has left her unable to work for the last 13 years.

9. Rojas survives on a fixed disability income and a Housing Authority City of Austin housing stipend.

10. In January 2017, Rojas rented an apartment at the Reserve at Springdale Apartments in Austin, Texas.

11. By early 2018, there had been a series of serious crimes committed at the apartment complex, including a murder[1].

12. The crimes, combined with Rojas's medical status, made continued living at the

---

[1] *See* https://www.statesman.com/news/20180330/update-man-charged-with-murder-after-shooting-at-east-austin-apartment-complex

apartment complex untenable.

13. Rojas sought help from the Austin Tenant's Council.

14. The Austin Tenant's Council is an organization whose "mission is to ensure housing stability by rectifying Fair Housing Act violations and empowering tenants to exercise their rights through mediation, advocacy, and education."[2]

15. With the help of Austin Tenant's Council, Rojas made a Fair Housing Act request for accommodation and negotiated an early termination of her lease.

16. In or about the month of July 2018, Rojas received a refund of her security deposit and an additional amount for *over*payment of rent.

17. Despite having paid Rojas a refund, her former landlord now claims Rojas owes it money ("the alleged debt").

18. After default, the alleged debt was assigned to Phoenix for collection.

19. Phoenix describes itself as "a Texas-based collection agency[.]"[3]

20. Phoenix has a bond on file with the Texas Secretary of State wherein Phoenix is the principal and Travelers Casualty and Surety Company of America is the surety.

21. The number for that bond is **7**752241341TX.

22. By December 2018 Phoenix was attempting to collect the alleged debt.

23. Among other collection efforts, Phoenix would call Rojas numerous times a day, despite being asked to cease.

24. Among other collection efforts, Phoenix reported information regarding the debt to one or more credit reporting agencies.

25. Despite her best efforts, Rojas was unable to resolve her dispute with Phoenix on

---

[2] See https://www.housing-rights.org/
[3] *See* www.phoenixrecoverygroup.com/about-us

her own.

26. Rojas then sought help from Volunteer Legal Services of Central Texas ("VLS").

27. VLS is a 501(c)(3) non-profit organization that provides civil legal services for low-income people through attorney volunteers.

28. VLS referred Rojas to attorney Tyler Hickle.

29. On April 30, 2019, Rojas, by and through her attorney, sent Phoenix a letter via fax.

30. The April 30, 2019 letter was a notice of inaccuracy as described in § 392.202 of the Texas Property Code.

31. Section 392.202 requires third-party debt collectors who report information related to a debt to a credit bureau to perform an investigation upon written notice of inaccuracy.

32. Shortly thereafter, Phoenix denied the inaccuracy and resumed collection activity.

33. Having failed to resolve this matter out of court, Rojas was forced to file this lawsuit.

34. Plaintiff allegedly incurred a debt for goods and services used for personal, family or household purposes.

35. The alleged debt went into default.

36. On information and belief, after default the alleged debt was assigned to Phoenix for collection.

37. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

38. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

39. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

40. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

41. Phoenix is a "debt collector" as defined by § 1692a(6) of the FDCPA.

42. Phoenix is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

## COUNT I. VIOLATION OF THE FDCPA § 1692e(2)

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. Phoenix has falsely represented the character and amount of the debt.

## COUNT II. VIOLATION OF TDCA § 392.304

45. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

46. Phoenix misrepresented the amount of Plaintiff's alleged debt.

## COUNT III. VIOLATION OF FDCPA § 1692e

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. On information and belief, Phoenix's website falsely implies Phoenix has an existing relationship with numerous philanthropic organizations.

49. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to Susan G. Kommen's Race for the Cure.

50. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to the Boys and Girls Club.

51. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to the American Red Cross.

52. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to Habitat for Humanity.

53. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions the Battered Women's Shelter of Summit and Medina Counties (Ohio).

54. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to Goodwill.

55. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to Adopt-A-Highway.

56. On information and belief, Phoenix's website falsely implies Phoenix makes corporate contributions to Big Brothers Big Sisters.

## REQUEST FOR RELIEF

57. Plaintiff requests that this Court award her:

   a. Statutory damages;

   b. Injunctive relief;

   c. Costs; and

   d. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,<br>
By: s/Tyler Hickle<br>
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com