FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

19 OCT -9  PM 4: 21

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| **DEBRA ROJAS,**<br>*Plaintiff* | § | |
| | § | |
| -vs- | § | **A-19-CV-00775-JRN** |
| | § | |
| **TOLTECA ENTERPRISES, INC.,**<br>**TRAVELERS CASUALTY AND**<br>**SURETY COMPANY OF AMERICA,**<br>*Defendants* | §<br>§<br>§<br>§ | |

## <u>ORDER</u>

Before the Court in the above-entitled and styled cause of action is Defendants' Motion to

Dismiss for Failure to State a Claim, Mootness, and Lack of Jurisdiction (Dkt. 10), Defendant's

Motion to Abate or Withdraw Answers (Dkt. 12), Plaintiff's Response to the Motion to Dismiss

(Dkt. 13), and Defendant's Reply (Dkt. 14). Defendant filed an answer in this case on September

17, 2019 and filed a Motion to Dismiss the following day. Around nine days later, Defendant filed

its Motion to Abate or Withdraw Answers, having realized that its Motion to Dismiss was filed

after its Answer, in violation of Federal Rule of Civil Procedure 12(b) and 7(a)(2). Finding, as the

Court is permitted to find pursuant to Federal Rule of Civil Procedure 6(b), that the late filing was

due to excusable neglect, the Court will accept the late filing, rendering MOOT the Defendant's

Motion to Abate or Withdraw Answers. Furthermore, the Court will GRANT IN PART and DENY

IN PART the Motion to Dismiss.

## I.    STANDARD OF REVIEW

The Motion before the Court is a Motion to Dismiss for Failure to State a Claim, for Lack of Standing, and for Mootness. Under the Fifth Circuit's strict standard of review for Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted, the Court "must accept all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, No. 17-40752, 2019 WL 4458378, at *4 (5th Cir. Sept. 18, 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (1989). In determining whether claims survive a Rule 12(b)(6) motion to dismiss, the court may address its inquiry to the facts set forth in the complaint, documents attached to the complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Walker*, 2019 WL 4458378 at *4.

When a court reviews a Motion to Dismiss for Lack of Standing, it is ensuring that it is deciding a "Case" or "Controversy" for the purposes of Article III and is not "being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). The Supreme Court has established that the "irreducible constitutional minimum of standing consists of three elements: The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)). The plaintiff, as the party invoking federal

jurisdiction, bears the burden of establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

Similarly, a Court reviewing a Motion to Dismiss for Mootness is ensuring that a live "Case" or "Controversy" exists and has not already been resolved by nonjudicial means. *See Already LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Id.* (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). However, "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Id.* (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Therefore, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

## II.   DISCUSSION

This case is a dispute between the Plaintiff, an Austin resident, and the Defendant, a debt recovery company. Plaintiff alleges that, because she felt unsafe in an apartment complex in a high-crime area of Austin, she successfully arranged an early termination from her lease. (Compl., Dkt. 1, at 2–3). She further alleges that her former landlord claimed she owed the apartment complex money and assigned the debt to Defendant when she refused to pay. *Id.* According to the complaint, Defendant would call Plaintiff multiple times a day, despite being asked to stop, reported her to credit reporting services, and resumed collection activity despite having been informed its information was inaccurate. *Id.* at 3–4. When she was unable to resolve the dispute

out of court, Plaintiff sued for violations of the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692, *et. seq.*, and the Texas Debt Collection Act (TDCA) under Tex. Fin. Code Ch. 392.

Defendant claims Plaintiff's allegations about its unfair debt collection practices are moot because, soon after reporting Plaintiff to the credit bureaus, Defendant told the credit bureaus to delete the debt tradeline on Plaintiff. (Mot. Dismiss, Dkt. 10, at 2). Because Defendant took "prompt action" in this manner, Defendant believes there is no longer a live case or controversy with Plaintiff. *Id.* Defendant's Motion does not address the allegations that it engaged in unfair and illegal debt collection practices other than reporting Plaintiff to credit bureaus improperly, so those claims must stand.

Further, as Plaintiff points out in its response, Defendant taking "prompt action" to undo one action does not negate the negative effects of that action. As this Court has expressed before, the alleged violation of 15 U.S.C. §1692(e) "exposes consumers to a real risk of financial and legal harm. An inaccurate representation of the character, amount, or legal status of a debt could have disastrous financial, legal, and reputational consequences for a consumer." *Ozmun v. Portfolio Recovery Assocs., LLC*, 2017 WL 3140660, at *6 (W.D. Tex. July 24, 2017). Therefore, it is not appropriate to dismiss the entirety of Plaintiff's claims under that statute.

However, in addition to allegations about Defendant's improper debt collection practices, Plaintiff also alleges it suffered as a result of misrepresentations regarding Defendant's relationship with certain charitable organizations. (Compl., Dkt. 1, at 5–6). According to Plaintiff, Defendant's website falsely implies it makes corporate contributions to organizations including Susan G. Kommen's Race for the Cure, the American Red Cross, and Habitat for Humanity. *Id.* Plaintiff alleges that these misrepresentations are a separate violation of §1692(e)'s catch-all

provision prohibiting the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692(e). Defendant challenges this claim on standing grounds, because the allegations, even if accepted as true, do not constitute "debt collection activity regarding Plaintiff." (Mot. Dismiss, Dkt. 10, at 3). Only these philanthropic organizations, according to Defendant, would have standing to challenge Defendant's use of their names on its website. *Id.*

Defendant's reasons to seek dismissal of Plaintiff's complaint regarding the charitable organizations have merit. Even if mentioning charitable organizations to which one has made donations constitutes "debt collection activity," and even if Defendant's involvement with those organizations is fictitious, Plaintiff herself has not suffered perceptible harm by those claims. *See Lujan*, 504 U.S. at 566 ("Standing is not an ingenious academic exercise in the conceivable, but as we have said requires . . . a factual showing of perceptible harm.") (citing *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 688 (1973)). The claims related to Defendant's allegedly false ties to charitable organizations will be dismissed for Failure to State a Claim and for Lack of Standing.

### III.   CONCLUSION

Accordingly, because Defendant's Motion to Dismiss for Failure to State a Claim, Mootness, and Lack of Jurisdiction has some merit, it must be GRANTED as to Plaintiff's claims pertaining to charitable organizations and DENIED as to all other claims.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART** in keeping with the reasons contained herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Abate or Withdraw Answers will be **DISMISSED AS MOOT.**

**SIGNED** this _____9th_____ day of October, 2019.

**JAMES R. NOWLIN**
**UNITED STATES DISTRICT JUDGE**