UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEBRA ROJAS                                   *       Civil Action No. 1:19-CV-0775-JRN

V.                                            *

TOLTECA ENTERPRISES INC. &                    *
TRAVELERS CASUALTY AND
SURETY CO. OF AMERICA                         *

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Tolteca Enterprises Inc., dba The Phoenix Recovery Group moves for a summary

judgment on all causes of action the Plaintiff has set forth in her Complaint in this lawsuit.

Travelers joins the motion. Since Travelers' liability is completely derivative and contingent

on liability against Tolteca, this motion is brought through Tolteca

Tolteca and Travelers ask the court to render a summary judgment against Plaintiff.

### A. Introduction

1. Plaintiff is Debra Rojas. Defendant is Tolteca Enterprises Inc., along with derivative

Defendant Travelers Casualty & Surety Co. of America.

2. On August 1, 2019, Plaintiff sued Defendants. (Doc. 1) Tolteca was sued for alleged

violations of the Federal Fair Debt Collection Practices Act (FDCPA) and Texas Debt Collection

Act (TDCA).

3. Travelers was sued only because it posted a surety bond for Tolteca with the Texas

Secretary of State. Travelers has no direct involvement or liability.

4. Plaintiff claims Tolteca misrepresented the Plaintiff's debt amount owed to her creditor,

the apartment complex known as the Reserve at Springdale. The Reserve is an apartment complex

1

in Austin, Texas. Plaintiff was a former tenant.

Plaintiff incurred a debt in connection with her tenancy at the Reserve at Springdale. Tolteca sought to collect on the debt. The Reserve placed the debt of $260 with Tolteca who added $50 as a collection fee. Plaintiff claims that the amount Tolteca sought to collect from Plaintiff for the Reserve at Springdale was misrepresented. As a result, Plaintiff alleges that Tolteca violated FDCPA §1692e(2)   and TDCA §392.304.

When the Reserve placed Plaintiff's debt for collection, the Reserve provided a statement of account on Plaintiff setting forth her debt amount. Tolteca sent Plaintiff a written notice about the debt amount. Tolteca did not know the debt's amount or character was inaccurate when the Reserve placed it for collection. Tolteca is legally privileged and entitled to rely on the account information provided to it by Plaintiff's creditor, the Reserve. The letter informed the Plaintiff that her creditor, the Reserve, was asserting a debt being owed to it. This is sufficient as a matter of law. *Walton v. EOS CCA,* United States Court of Appeals for the Seventh Circuit,, March 21, 2018, (summary judgment affirmed against the consumer/Plaintiff because it was sufficient for the debt collector to be informed by the creditor that the debt was valid and that constituted proper verification of the debt). The debt collector was not required to do a searching inquiry about the debt's accuracy when it was told by the creditor the debt was owed , the collection letter sufficed because it accurately conveyed the information received from the creditor. The debt collector does not have to go beyond that and has no legal duty  to "undertake an investigation into whether the creditor is actually entitled to the money it seeks". *Walton, supra.* The debt collector is only liable for a FDCPA violation if it knows or have reasonable cause to believe that the information from the creditor is inaccurate. 15 USC §1692e(8). Plaintiff has not carried her burden to prove Tolteca

2

knowingly sought to collect an inaccurate debt. To the contrary, Tolteca was legally privileged to assume that Plaintiff owed the Reserve the debt  15 USC §1692g(a)(3).

In order for Plaintiff to prevail on her FDCPA and TDCA causes of action for misrepresentation Plaintiff must show that Tolteca knew the account was inaccurate or that Tolteca was reckless in attempting  to collect the debt amount.  Tolteca is not liable as a matter of law because Tolteca did not know the debt was inaccurate and did not act recklessly in attempting to collect the debt.   *See,* 15 USC §1692e(8), which prohibits communicating or threatening to communicate false credit information that is *known or should be known to be false".*  In addition, *if* Plaintiff claims Defendant harassed her with unwanted telephone calls, but Tolteca  stopped calling her. *See, Declaration of Eric Allen; Debtor Notes.*  Furthermore,  Tolteca did not engage in unfair and illegal debt collection practices.  She was treated fairly when her claim of inaccuracy was re-investingated and prompt action was taken  to delete her tradeline and Tolteca stopped collection activity.   There was no illegal collection activity since Tolteca was entitled under the FDCPA and TDCA to assume the validity of the debt and attempt to collect the debt for money the Reserve maintained she owed.  There would be unfair and illegal debt collection if Tolteca did not take care of Ms. Rojas' claims after Mr. Hickle had faxed his letter about the debt being inaccurate. The facts are, however, that Tolteca deleted the debt and stopped collection activity in response to Mr. Hickle's fax communication.

Finally, Plaintiff sustained no damages and has no basis for an injunction.  Therefore, as a matter of law, Plaintiff is not entitled to any relief, attorney fees, or statutory penalties under the TDCA.  The TDCA requires damages or injuncival relieef as a condition precedent to any liability under the TDCA.  Ms. Rojas cannot prove any damages or grounds for injunctive relief as a matter

of law.

## B. Statement of Facts

5. These facts are indisputable:

a. Plaintiff is a consumer. Tolteca is a debt collector.

b. Plaintiff was a tenant on a written lease agreement with the Reserve at Springdale.

c. The Reserve sent Plaintiff a move out statement which stated that Plaintiff owed a balance of $260. *See, Exhibit, Move Out Statement*

d. Plaintiff was notified of the balance of $260 and the collection fee of $50. *See, Declaration of Eric Allen.*

e. Plaintiff's lease provides for imposition of the $50 collection fee. *See, Exhibit, Lease*

f. On November 18, 2018, the Reserve placed Plaintiff's debt for collection and provided a move out statement in support. On November 20, 2018, Tolteca sent Plaintiff an initial letter informing her of the $260 and $50 collection fee. *See, Declaration of Eric Allen, Debtor Notes Exhibit*

g. The notice informed Plaintiff of her right to dispute the debt charges. *See, Declaration of Eric Allen; Notice Letter*

h. Plaintiff did not dispute the debt in writing or verbally. Plaintiff's failure to dispute the debt means that Tolteca was legally entitled to assume that Plaintiff's debt was valid and owed. A debt collector is entitled to assume that a debt is valid if the consumer does not dispute the debt. 15 USC §1692g(a)(3),

i. Months later, Mr. Tyler Hickle, attorney at law, sent Tolteca a letter stating that the debt was inaccurate. *See, Exhibit, Hickle Fax Letter dated April 30, 2019.*

4

J.   The letter did not describe why the debt was inaccurate.

k.   As a result of Mr. Hickle's letter, Tolteca took prompt action and updated Plaintiff's credit report by notifying the credit bureas that the debt was disputed.  Tolteca also contacted Plaintiff's creditor, the Reserve at Springdale concerning Plaintiff's claim that the debt  was inaccurate. *See, Declaration of Eric Allen.*  The Reserve said the debt was erroneous and Tolteca took prompt action to dispute and resolve the debt with a deletion of the debt tradeline and stopped collection efforts.

l.   Plaintiff's creditor, the Reserve at Springdale, had verified the validity of the debt but then updated their information and informed Tolteca to delete the debt from being credit reported. *See, Declaration of Eric Allen.*

m.   Tolteca told the credit bureaus to delete the debt tradeline  and Tolteca ceased  any further debt collection efforts.  The credit bureaus deleted Plaintiff's tradeline on the debt. *See, Affidavit of Eric Allen showing deletion request.*

## C. Standard of Review

6.  Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P 56( c ); *Celotex Corp., v. Catrett,* 477 U.S. 317, 322, 106 S. Ct.  2548, 2552 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either 1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or 2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Bank Employee Benefit Plan v.  Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1sr Cir. 1996).

## D. Argument

7.  Plaintiff must prove the following essential elements to sustain a claim that Tolteca

misrepresented the Plaintiff's debt.   The essential element Plaintiff cannot prove is that Tolteca knew or should have known the debt character and amount was false.  The essential element Ms. Rojas cannot prove is that Tolteca did not terminate debt collection efforts after receiving her lawyer's fax communication.

A. Plaintiff alleges Phoenix has "falsely represented the character and amount of the debt" in violation of FDCPA §1692e(f).  .  Complaint, Count 1, Paragraph 44.

B. Plaintiff alleges Phoenix "misrepresented the amount of the debt" in violation of TDCA §392.304.  Complaint, Count 2, Paragraph 46.

Note:  Count 3 was dismissed for failure to state a claim.

8. In order for Plaintiff to impose any liability against Tolteca, the Plaintiff must prove 1) that the debt was inaccurate; and, 2) that Tolteca knew or should have known that the debt the creditor sent to it to collect on was in fact inaccurate; and, 3) Tolteca was reckless in attempting to collect an invalid debt.  .

9. From November 2018 to April 2019, Plaintiff did not inform Tolteca that the debt was invalid or inaccurate. Nor did she explain why it might be inaccurate.  Mr. Hickle's fax did not explain why the debt was inaccurate either. Since the debt was assumed to be valid, it cannot be said that Tolteca was reckless in attempting th collect the debt.  And Tolteca was not reckless but was acting responsibly when it promptly deleted the tradeline and stopped collection activity.

Plaintiff did not dispute the debt when she received Tolteca's notice about owing a debt to the Reserve.  Plaintiff did not inform Tolteca that it had gotten the Reserve to reduce, change or eliminate her debt through the help she received from the Austin Tenant's Council. Even if Plaintiff can show the debt amount was inaccurate because her creditor and her reached a settlement on the

6

debt amount, the Plaintiff still has to show Tolteca knew or should have known of her settlement with the Reserve. Plaintiff has no evidence that she informed Tolteca about any such settlement of her debt with the Reserve. There is no evidence that Tolteca knew or should have known of the settlement.

From November 2018 to April 2019, Tolteca believed in good faith that Plaintiff owed money to the Reserve at Springdale. Tolteca is entitled to rely on its creditor's information that a debt is due and owing and that the amount of the debt is accurate. *Jenkins v. Heinz,* 124 F.3d 824, 834 (7th Cir. 1997) *cert. denied,* 523 U.S. 1022 (1998). Tolteca is not legally required to conduct a probing investigation to verify and validate a debt. *Walton v. EOS CCA, supra.* A debt collector need only confirm the amount being demanded is what the creditor is claiming is owed. The FDCPA requires "nothing more than the debt collector confirming in writing that the amonnt being demanded is what the creditor is claiming is owed". *Chaudry v. Gallerizzo,* 174 F.39 394, 406 (4th Cir. 1999); *Clark v. Capital Credit & Collection Servs. Inc.,* 460 F.3d 1162, 1173-74 (9th Cir. 2006).

Furthermore, since Plaintiff did not submit to Tolteca a dispute about the debt verbally or in writing, the debt is assumed to be valid as a matter of law. 15 USC §1692g(a)(3).

The validity of the debt was not questioned until April 30, 2019 when Mr. Hickle's faxed his letter. When the fax was received, Tolteca acted with all deliberate speed to have the disputed debt deleted.

10. Therefore, Tolteca could not have possibly misrepresented the character and amount of the debt because Tolteca was legally entitled to assume the debt was valid and owed. Once Mr. Hickle stated in his April 30, 2019 fax claiming the debt was inaccurate, Tolteca re-investigated the debt, contacted the creditor, and promptly purged the debt from her credit reports. Totleca acted

responsibly and promptly.

11. Liability for misrepresentation requires Tolteca to know a representation is false or that the representation about the debt amount was made recklessly. *Johnson & Higgins, Inc. v. Kenneco Energy Inc.,* 962 S.W. 2d 507, 526 (Tex. 1998).

12, Tolteca did not know the debt's character or amount might be inaccurate. Tolteca acted innocently. Plaintiff did not dispute the debt; therefore, the debt was presumed valid. Tolteca did not act recklessly either because it is entitled to rely on the debt information Plaintiff's creditor provided. Plaintiff's creditor, told Tolteca the amount was due and owing. Tolteca is entitled to rely on the creditor's validation of the debt.

13. For months the debt was presumptively valid, due and owing. Not until Mr. Hickle raised the possibility that the debt was inaccurate did Tolteca have any reason to act to delete the debt.

14. Even if Plaintiff got the Austin Tenant Council to look into the debt and obtain a reduction in the rent obligation, Plaintiff failed to inform Tolteca that her debt was forgiven. She failed to avail herself of her oppotunity to dispute the debt until, belatedly, she retained Mr. Hickle who wrote the fax which for the first time disputed the accuracy of the debt. All of Plaintiff's interactions with the Tenant Council were unknown to Tolteca. Tolteca is blameless and innocent and cannot have possibly violated the FDCPA or TDCA as a matter of law_

15. Tolteca acted responsibly when it received Mr. Hickle's fax about the debt being "inccurate", acted responsibly to stop collection phone calls to Ms. Rojas; and, acted responsibly in re-investigating the debt. Therefore, Tolteca cannot be held liable under the FDCPA and TDCA and there is no genuine issue of material fact precluding summary judgment for Tolteca.

D. <u>Summary Judgment Evidence</u>

These items support of Tolteca's motion for summary judgment.

1. The declaration and affidavit of Tolteca through Eric Allen.

2. Documentary evidence consisting of:

    a. The statement of charges from the Reserve at Springdale;

    b. Tolteca's debtor notes;

    c. Mr. Hickle's fax;

    d. Proof of deletion of the Plaintiff's account;

    e. The apartment lease contract relevant portions.

The foregoing evidence and Plaintiff's inability to prove that Tolteca knowingly or recklessly misrepresented the amount and character of the Plaintiff's debt and in light of Tolteca's reliance on the presumption of the validity of the debt, demonstrates that Tolteca is entitled to judgment as a matter of law. Plaintiff's case should be dismissed with prejudice and Plaintiff take nothing.

WHEREFORE, Tolteca (and Travelers) ask the court to grant a summary judgment and render summary judgment that Ms. Rojas take nothing and her lawsuit should be dismissed with prejudice.

S/Tom Clarke
Texas Bar No. 04318600
8026 Vantage Dr., Suite 105
San Antonio, Texas 78230
210/340-8448
210.348-7946 Fax
tclarkeatty7@aol.com

<u>CERTIFICATE OF SERVICE</u>

     I certify that on January 21, 2020,  Defendant's motion for summary judgment and exhibits were electronically filed with the court's CM/ECF system which will give Plaintiff's Attorney, Tyler Hickle electronic notice of the filing.

                      S/Tom Clarke

APPENDIX

1. Declaration of Eric Allen

2. Affidavit of Eric Allen

3. Move Out Statement

4. First Notice letter

5. Second letter validating the debt

6. Fax from Attorney Tyler Hickle

7. Debtor listing notes on Ms. Rojas; account

8. Portions of Texas Apt. Assn. Lease contract between Ms. Rojas and the Reserve