

# Apartment Lease Contract

*This Lease Contract is valid only if filled out before January 1, 2018.*

This is a binding contract. Read carefully before signing.

Date of Lease Contract: __December 21, 2016__
(when this Lease Contract is filled out)

## Moving In — General Information

1. **Parties.** This Lease Contract ("Lease") is between you, the resident(s) (*list all people signing the Lease*):
   Debra Rojas

   and us, the owner: Reserve at Springdale, LP a Texas Limited Partnership

   (name of apartment community or title holder). You are renting Apartment No. __1003__, at __5605 Springdale Road__
   (street address) in __Austin__
   (city), Texas __78723__ (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above or, in the event of a sole resident's death, to someone authorized to act for the estate. The terms "we," "us," and "our" refer to the owner listed above and not to property managers or anyone else. *Neither we nor any of our representatives have made any oral promises, representations, or agreements. This Lease is the entire agreement between you and us.*

2. **Occupants.** The apartment will be occupied only by you and (*list all other occupants not signing the Lease*):
   Above Only

   —and no one else. Anyone not listed here cannot stay in the apartment for more than __7__ consecutive days without our prior written consent, and no more than twice that many days in any one month. *If the previous space isn't filled in, 2 days total per month will be the limit.*

3. **Lease Term.** The initial term of the Lease begins on the __1st__ day of __January__ (month), __2017__ (year), and ends at midnight the __31st__ day of __December__ (month), __2017__ (year). After that, this Lease will automatically renew month-to-month unless either party gives at least __30__ days' written notice of termination or intent to move out as required by Par. 36. *If the number of days isn't filled in, notice of at least 30 days is required.*

4. **Security Deposit.** The total security deposit for all residents is $ __150.00__, due on or before the date this Lease is signed. This amount [*check one*]: ☐ does *or* ☒ does not include an animal deposit. Any animal deposit will be designated in an animal addendum. Security-deposit refund check and any deduction itemizations will be by [*check one*]:
   ☒ one check jointly payable to all residents and mailed to any one resident we choose, *or*
   ☐ one check payable to and mailed to _____
   (specify name of one resident).
   If neither option is checked here, the first option applies. See Par. 40 and 41 for security-deposit return information.

5. **Keys, Move-Out, and Furniture.** You'll be given __1__ apartment key(s), __1__ mailbox key(s), and __0__ other access devices for __N/A__.
   *Before moving out, you must give our representative advance written move-out notice as stated in Par. 36.* The move-out date in your notice [*check one*]: ☐ must be the last day of the month, *or* ☒ may be the exact day designated in your notice. If neither option is checked here, the second applies. Any resident, occupant, or spouse who, according to a remaining resident's affidavit, has permanently moved out or is under court order not to enter the apartment, is (at our option) no longer entitled to occupancy, keys, or other access devices, unless authorized by court order. Your apartment will be [*check one*]: ☐ furnished *or* ☒ unfurnished.

6. **Rent and Charges.** You will pay $ __819.00__ per month for rent, in advance and without demand [*check one*]:
   ☒ at the onsite manager's office
   ☒ through our online payment site
   ☐ at _____

   Prorated rent of $ __819.00__ is due for the remainder of the [*check one*]: ☒ 1st month *or* ☐ 2nd month, on the __1st__ day of __January__ (month), __2017__ (year). *You must pay your rent on or before the 1st day of each month (due date). There is no grace period, and you agree that not paying rent on the 1st of each month is a material breach of this Lease. Cash is not acceptable without our prior written permission. You cannot withhold or offset rent unless authorized by law.* We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. If you don't pay all rent on or before the __5th__ day of the month, you'll pay an initial late charge of $ __35.00__, plus a daily late charge of $ __10.00__ per day after that date until the amount due is paid in full. Daily late charges cannot exceed 15 days for any single month's rent. We won't impose late charges until at least the third day of the month. You'll also pay a charge of $ __25.00__ for each returned check or rejected electronic payment, plus initial and daily late charges, until we receive acceptable payment. If you don't pay rent on time, you'll be in default and subject to all remedies under state law and this Lease. If you violate the animal restrictions of Par. 27 or other animal rules, you'll pay an initial charge of $ __100.00__ per animal (not to exceed $100 per animal) and a daily charge of $ __10.00__ per animal (not to exceed $10 per day per animal) from the date the animal was brought into your apartment until it is removed. We'll also have all other remedies for such violations.

7. **Utilities and Services.** We'll pay for the following items, if checked: ☐ gas ☒ water ☒ wastewater ☐ electricity ☒ trash/recycling ☐ cable/satellite ☐ master antenna ☐ Internet ☒ stormwater/drainage ☐ other _____
   You'll pay for all other utilities and services, related deposits, and any charges or fees on such utilities and services during your Lease term. See Par. 12 for other related provisions regarding utilities and services.

8. **Insurance.** *Our insurance doesn't cover the loss of or damage to your personal property.* You are [*check one*]:
   ☐ required to buy and maintain renter's or liability insurance (see attached addendum), *or*
   ☒ not required to buy renter's or liability insurance.
   *If neither option is checked, insurance is not required but is still strongly recommended. Even if not required, we urge you to get your own insurance for losses due to theft, fire, water, pipe leaks, and similar occurrences.* Renter's insurance doesn't cover losses due to a flood. Information on renter's insurance is available from the Texas Department of Insurance.

9. **Special Provisions.** The following or attached special provisions and any addenda or written rules furnished to you at or before signing will become a part of this Lease and will supersede any conflicting provisions of this printed Lease form.
   WLR 10/23/16: See concession addendum. After two (2) NSFs, only certified funds will be accepted. Microwave, stove, dishwasher and refrigerator provided by owner.

10. **Unlawful Early Move-Out And Reletting Charge.**
    **10.1 Your Responsibility.** You'll be liable for a reletting charge of $ __696.15__ (not to exceed 85% of the highest monthly rent during the Lease term) if you: (A) fail to move in, or fail to give written move-out notice as required in Par. 23 or 36; (B) move out without paying rent in full for the entire Lease term or renewal period; (C) move out at our demand because of your default; or (D) are judicially evicted. *The reletting charge is not a cancellation fee and does not release you from your obligations under this Lease. See the next section.*

Your Initials: _____ Initials of Our Representative: _____

Apartment Lease Contract ©2015, Texas Apartment Association, Inc. Page 1 of 8

Ex. 8

## Responsibilities of Owner and Resident

### 31. Our Responsibilities.

**31.1 Generally.** We'll act with customary diligence to:
(a) keep common areas reasonably clean, subject to Par. 25;
(b) maintain fixtures, hot water, heating, and air-conditioning equipment;
(c) substantially comply with all applicable laws regarding safety, sanitation, and fair housing; *and*
(d) make all reasonable repairs, subject to your obligation to pay for damages for which you're liable.

**31.2 Your Remedies.** *If we violate any of the above, you may possibly terminate this Lease and exercise other remedies under Texas Property Code Sec. 92.056 by following this procedure:*
(a) all rent must be current, and you must make a written request for repair or remedy of the condition—after which we'll have a reasonable time for repair or remedy;
(b) if we fail to do so, you must make a second written request for the repair or remedy (to make sure that there has been no miscommunication between us)—after which we'll have a reasonable time to repair or remedy; *and*
(c) if the repair or remedy still hasn't been accomplished within that reasonable time period, you may immediately terminate this Lease by giving us a final written notice. *You also may exercise other statutory remedies, including those under Texas Property Code sec. 92.0561.*

**31.3 Request by Mail.** Instead of giving the two written requests referred to above, you may give us one request by certified mail, return receipt requested, by registered mail, or by any trackable mail or delivery method through the postal service or a private delivery service—after which we'll have a reasonable time to repair or remedy. "Reasonable time" accounts for the nature of the problem and the reasonable availability of materials, labor, and utilities. Your rent must be current when you make any request. We'll refund security deposits and prorated rent as required by law.

### 32. Default by Resident.

**32.1 Acts of Default.** You'll be in default if: (A) you don't timely pay rent or other amounts you owe; (B) you or any guest or occupant violates this Lease, apartment rules, or fire, safety, health, or criminal laws, regardless of whether or where arrest or conviction occurs; (C) you abandon the apartment; (D) you give incorrect or false answers in a rental application; (E) you or any occupant is arrested, charged, detained, convicted, or given deferred adjudication or pretrial diversion for (1) a felony offense involving actual or potential physical harm to a person, or involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia as defined in the Texas Controlled Substances Act, or (2) any sex-related crime, including a misdemeanor; (F) you are found to have any illegal drugs or paraphernalia in your apartment; or (G) you or any occupant, in bad faith, makes an invalid habitability complaint to an official or employee of a utility company or the government.

**32.2 Eviction.** *If you default or hold over, we may end your right of occupancy by giving you at least a 24-hour written notice to vacate.* Notice may be given by: (A) regular mail; (B) certified mail, return receipt requested; (C) personal delivery to any resident; (D) personal delivery at the apartment to any occupant over 16 years old; (E) affixing the notice to the inside of the apartment's main entry door; or (F) securely affixing the notice to the outside of the apartment's main entry door as allowed by law. Notice by mail under (A) or (B) will be considered delivered on the earlier of actual delivery, or 3 days (not counting Sundays or federal holidays) after the notice is deposited in the U.S. Postal Service with postage. Termination of your posses-

riod ends; and (B) you haven't paid all rent for the entire Lease term or renewal period. Such conduct is considered a default for which we need not give you notice. Remaining rent will also be accelerated if you're judicially evicted or move out when we demand because you've defaulted. Acceleration is subject to our mitigation obligations below.

**32.4 Holdover.** You or any occupant, invitee, or guest must not hold over beyond the date contained in your move-out notice or our notice to vacate (or beyond a different move-out date agreed to by the parties in writing). If a holdover occurs, then (A) holdover rent is due in advance on a daily basis and may become delinquent without notice or demand; (B) rent for the holdover period will be increased by 25% over the then-existing rent, without notice; (C) you'll be liable to us (subject to our mitigation duties) for all rent for the full term of the previously signed Lease of a new resident who can't occupy because of the holdover; and (D) at our option, we may extend the Lease term—for up to one month from the date of notice of Lease extension—by delivering written notice to you or your apartment while you continue to hold over.

**32.5 Other Remedies.** We may report unpaid amounts to credit agencies as allowed by law. If we or a third-party debt collector we use tries to collect any money you owe us, you agree that we or the debt collector may call you on your cellphone and may use an automated dialer. If you default, you will pay us, in addition to other sums due, any amounts stated to be rental discounts or concessions agreed to in writing. Upon your default, we have all other legal remedies, including Lease termination and statutory lockout under Texas Property Code sec. 92.0081, *except as lockouts and liens are prohibited by Texas Government Code sec. 2306.6738 for owners supported by housing-tax-credit allocations.* A prevailing party may recover reasonable attorney's fees and all other litigation costs from the nonprevailing parties, except a party may not recover attorney's fees and litigation costs in connection with a party's claims seeking personal-injury, sentimental, exemplary or punitive damages. We may recover attorney's fees in connection with enforcing our rights under this Lease. You agree that late charges are liquidated damages representing a reasonable estimate of the value of our time, inconvenience, and overhead associated with collecting late rent (but are not for attorney's fees and litigation costs). All unpaid amounts you owe, including judgments, bear 18% interest per year from the due date, compounded annually. You must pay all collection-agency fees if you fail to pay sums due within 10 days after we mail you a letter demanding payment and stating that collection-agency fees will be added if you don't pay all sums by that deadline. 

**32.6 Mitigation of Damages.** If you move out early, you'll be subject to Par. 10 and all other remedies. We'll exercise customary diligence to relet and minimize damages. We'll credit all later rent that we actually receive from subsequent residents against your liability for past-due and future rent and other sums due.

## General Clauses

### 33. Other Important Provisions.

**33.1 Representatives' Authority; Waivers; Notice.** *Our representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Lease or any part of it unless in writing, and no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives, unless in writing.* Any dimensions and sizes provided to you relating to the apartment are only approximations or estimates; actual dimensions and sizes may vary. No action or omission by us will

## SUMMARY OF KEY INFORMATION

*The Lease will control if there's a conflict with this summary.*

- Address: 5605 Springdale Road     Unit # 1003
- Beginning date of Lease (Par. 3) 01/01/2017    Ending date of Lease (Par. 3) 12/31/2017
- Number of days notice for termination (Par. 3) 30    Consent for guests staying more than 7 days (Par. 2)
- Total security deposit (Par. 4) $ 150.00    Animal deposit (if any) $ 0.00
- Security deposit (Par. 4) ☐ does OR ☒ does not include an animal deposit.
- Security deposit refund check will be by (Par. 4) (*check one*) ☒ one check jointly payable to all residents (default), OR ☐ one check payable to and mailed to _____
- # of keys/access devices (Par. 5) for 1 unit, 1 mailbox, 0 other N/A
- Your move-out notice will terminate Lease on (Par. 5): (*check one*) ☐ last day of month OR ☒ exact day designated in notice
- Check here ☐ if the dwelling is to be furnished (Par. 5)    Check here ☒ if there is a concession addendum
- Rent to be paid (Par. 6): (*check all that apply*) ☒ at the onsite manager's office, ☒ through our online payment site, OR ☐ at _____
- Check here if included in monthly rent: ☐ garage, ☐ storage, ☐ carport, ☐ washer/dryer, or ☐ other _____
- Total monthly rent (Par. 6) $ 819.00    Prorated rent (Par. 6) for (*check one*) ☒ first month OR ☐ second month $ 819.00
- Late charges if rent is not paid on or before (Par. 6) 5th
- Initial late charge (Par. 6) $ 35.00    Daily late charge (Par. 6) $ 10.00
- Returned-check charge (Par. 6) $ 25.00    Animal violation charges (Par. 6)
- Monthly animal rent (if any) $ 0.00    Initial $ 100.00   Daily $ 10.00
- Monthly pest control (if any) $ 0.00    Monthly trash / waste (if any) $ 0.00
- Utilities paid by owner (Par. 7): (*check all that apply*) ☐ electricity, ☐ gas, ☒ water, ☒ wastewater, ☒ trash/recycling, ☐ cable/satellite, ☐ master antenna, ☐ Internet, ☒ stormwater/drainage, ☐ other _____
- Utility connection charge (Par. 12) $ 50.00    You are: (*check one*) ☐ required to buy insurance OR ☒ not required to buy insurance (Par. 8)
- Agreed reletting charge (Par. 10) $ 696.15
- Special provisions (Par. 9): WLR 10/23/16: See concession addendum. After two (2) NSFs, only certified funds will be accepted. Microwave, stove, dishwasher and refrigerator provided by owner.

## Signatures and Attachments

**42. Attachments.** We will provide you with a copy of the Lease as required by statute. This may be in paper format, in an electronic format if you request it, or by e-mail if we have communicated by e-mail about this Lease. Our rules and community policies, if any, will be attached to the Lease and given to you at signing. When an Inventory and Condition form is completed, both you and we should retain a copy. The items checked below are attached to and become a part of this Lease and are binding even if not initialed or signed.

- ☐ Access Gate Addendum
- ☐ Additional Special Provisions
- ☐ Allocation Addendum for: ☐ electricity ☐ water ☐ gas ☐ central system costs ☐ trash/recycling ☐ cable/satellite ☐ stormwater/drainage ☐ services/government fees
- ☒ Animal Addendum
- ☒ Apartment Rules or Community Policies
- ☐ Asbestos Addendum (if asbestos is present)
- ☒ Bed Bug Addendum
- ☒ Early Termination Addendum
- ☐ Enclosed Garage, Carport, or Storage Unit Addendum
- ☐ Intrusion Alarm Addendum
- ☒ Inventory & Condition Form
- ☐ Lead Hazard Information and Disclosure Addendum
- ☐ Lease Contract Guaranty (guaranties, if more than one)
- ☐ Legal Description of Apartment (optional, if rental term longer than one year)
- ☐ Military SCRA Addendum
- ☒ Mold Information and Prevention Addendum
- ☐ Move-Out Cleaning Instructions
- ☐ Notice of Intent to Move Out Form
- ☐ Parking Permit or Sticker (quantity:____)
- ☒ Rent Concession Addendum
- ☐ Renter's or Liability Insurance Addendum
- ☐ Repair or Service Request Form
- ☒ Satellite Dish or Antenna Addendum
- ☒ Security Guidelines Addendum
- ☐ PUC Tenant Guide to Water Allocation
- ☐ Utility Submetering Addendum: ☐ electricity ☐ water ☐ gas
- ☒ Other Aff. Housing Addendum
- ☒ Other Handgun Addendum
- ☒ Other W/D Addendum
- ☒ Other LPC Addenda

Name, address and telephone number of locator service (if applicable — must be completed to verify TAA membership under Par. 35):

You are legally bound by this document. Please read it carefully. A facsimile or electronic signature on this Lease is as binding as an original signature.

Before submitting a rental application or signing a Lease, you may take a copy of these documents to review and/or consult an attorney.

Additional provisions or changes may be made in the Lease if agreed to in writing by all parties.

You are entitled to receive a copy of this Lease after it is fully signed. Keep it in a safe place.

This lease is the entire agreement between you and us. You are NOT relying on any oral representations.

Resident or Residents (all sign below)

_(Name of Resident)_ [signed]    Date signed 12/28/16

_(Name of Resident)_    Date signed

_(Name of Resident)_    Date signed

_(Name of Resident)_    Date signed

_(Name of Resident)_    Date signed

_(Name of Resident)_    Date signed

Owner or Owner's Representative (signing on behalf of owner) [signed] 12/28/16

Address and phone number of owner's representative for notice purposes
5605 Springdale Rd
Austin, TX 78723
(512) 538-1855

After-hours phone number (512) 538-1855
(Always call 911 for police, fire, or medical emergencies.)

Date form is filled out (same as on top of page 1) 12/21/2016

Your Initials: [initials]    Initials of Our Representative: [initials]    Apartment Lease Contract, TAA Official Statewide Form 15-A/B-1/B-2/B-3 Revised October 2015   Page 8 of 8