UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| DEBRA ROJAS, § | | |
| *Plaintiff* § | CASE 1:19-cv-00775-JRN | |
| § | | |
| v. § | | |
| § | | |
| TOLTECA ENTERPRISES INC. § | | |
| d/b/a PHOENIX RECOVERY GROUP § | | |
| § | | |
| & § | | |
| § | | |
| TRAVELERS CASUALTY & § | | |
| INSURANCE CO. OF AMERICA § | | |
| *Defendants*. § | | |

**PLAINTIFF'S RESPONSE TO
DEFENNDANT TOLTECA ENTERPRISES INC.'S MOTION FOR SUMMARY
JUDGMENT**

Plaintiff Debra Rojas ("Rojas") asks the Court to deny Defendant Tolteca Enterprises, Inc.'s motion for summary judgment.

I.   **INTRODUCTION**

Plaintiff Debra Rojas ("Rojas"), through counsel, commenced this action on August 8, 2019, by filing a three-count complaint against Tolteca Enterprises, Inc. ("Tolteca") and Travelers Casualty & Insurance Co. of America, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"). [Doc. 1] Following Tolteca's motion, Rojas's third cause of action alleging Tolteca falsely represented its relationships with many philanthropic organizations was dismissed by the Court. [Doc. 15] On January 21, 2020, Tolteca filed a motion for summary judgment.[Doc. #27] On January 23, 2020, Tolteca filed an additional supplemental briefing. [Doc. #28] This response followed.

II.   **STATEMENT OF FACTS**

Rojas rented an apartment from The Reserve at Springdale, LP ("The Reserve") apartment complex in 2017. [Doc 27, Ex. 8, ¶3] By early 2018, there had been a series of serious crimes committed at the apartment complex, including a murder.[1] Rojas vacated the apartment after negotiating an early termination of her lease with her landlord in July of 2018. After vacating the apartment, The Reserve refunded Rojas' entire security deposit of $150.00 and an additional $44.88 for overpayment of rent.

In November of 2018, The Reserve alleged that Rojas owed it $260.00 relating to her tenancy and placed the alleged debt with Tolteca. Tolteca began vigorous efforts to collect both the $260.00 alleged debt and a $50.00 collection fee. Tolteca attempted to collect the debt through telephone calls, letters, and reporting of the debt to credit reporting agencies. [Doc 27, Ex. 2 & 7] Rojas refused to pay the alleged debt.

Rojas retained counsel. Through counsel, Rojas sent a notice of inaccuracy to Tolteca on April 30, 2019. [Doc. 27, Ex. 6] The notice of inaccuracy reads, in part, "Ms. Rojas does not owe any money to the Reserve at Springdale." On May 6, 2019, Tolteca responded that it had investigated the dispute and "found all information regarding your account is accurate." [Doc 27, Ex. 5]

### III.   STANDARD OF REVIEW – MOTION FOR SUMMARY JUDGMENT

The Court will grant summary judgment if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.,* 585 F.3d 206, 210 (5th Cir. 2009). Thus, a genuine

---

[1] *See* https://www.statesman.com/news/20180330/update-man-charged-with-murder-after-shooting-at-east-austin-apartment-complex

issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Bayle v. Allstate Ins. Co.,* 615 F.3d 350, 355 (5th Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.,* 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams,* 465 F.3d at 164; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

### IV.    ARGUMENT

Tolteca does not deny it was attempting to collect the wrong amount from Rojas. Nor does it invoke the affirmative defenses provided by statute. Instead, it invites this court to recognize an extra-statutory defense to FDCPA and TDCA liability to debt collectors who blindly rely on information supplied by their clients.

Tolteca's position runs headlong into the text, structure, and purpose of the FDCPA. The FDCPA is a strict liability statute. For purposes of establishing liability, it does not matter whether Tolteca intended to collect unauthorized amounts and make false statements or whether Tolteca relied entirely on the creditor. The relevant provisions of the FDCPA do not contain any knowledge or intent requirements. That some provisions of the statute *do* refer to intent—most

notably, an affirmative defense for unintentional "bona fide errors" by debt collectors who maintain adequate preventive procedures—simply underscores the conclusion that the statute does not require a showing of knowledge or intent to establish liability in the first place.

Tolteca's theory rests on a fundamental misunderstanding of the statute's strict-liability regime. Its arguments proceed from a correct premise: The statute does not impose an affirmative obligation on the debt collector to verify the amount it attempts to collect (at least not before the consumer explicitly requests verification). But it does not follow from that fact that debt collectors who blindly rely on their clients can evade liability. On the contrary, liability under the FDCPA turns on the defendant's actions and the consequences of those actions; it is the defendant's responsibility to determine what precautions are necessary to avoid errors. To be sure, the statute provides an affirmative defense allowing debt collectors who institute adequate preventive procedures to avoid liability, but the burden to demonstrate such procedures is on the debt collector, and the debt collector here—Tolteca—has not even attempted to meet that burden.

### A. AN UNINTENTIONAL MISREPRESENTATION OF AN AMOUNT OF A DEBT CAN VIOLATE 15 U.S.C. § 1692e(2)(A).

Tolteca asserts that Rojas must prove that Tolteca knew the amount it was attempting to collect in order to prevail. Tolteca's assertion lacks merit.

"The case law does not support Defendant's view. Instead, several courts, including a Texas court, have concluded that even an unintentional misrepresentation of an amount of debt can violate § 1692e(2)(A)." *Lee v. Credit Management, LP*, 846 F. Supp. 2d 716, 723 (S.D. Tex. 2012). *See Turner v. JVDB & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003); *Russell v. Equifax ARS*, 74 F.3d 30 (2d Cir. 1996) (same); *Hackler v. Tolteca Enterprises, Inc.*, No. SA-18-

CV-00911-XR (W.D. Tex. Dec. 11, 2019); *Campos v.Tolteca Enterprises, Inc.*, No. 5: 14-CV-874-RP (W.D. Tex. July 6, 2015).

Section 1692e(2)(A) prohibits "[t]he false representation of—the character, amount, or legal status of any debt." By its plain terms, section "1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). "[I]gnorance is no excuse." *Turner*, 330 F.3d at 995; *see Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (Section "1692e applies even when a false representation was unintentional.").

Although they do not say so explicitly, the undercurrent of Tolteca's argument is that it is inequitable to saddle debt collectors with liability for errors that are really the fault of the creditor. Tolteca has it backwards. In fact, it is Tolteca's proposal that would create inequity, not only for consumers—who would be forced to bear the harmful consequences of decreased care on the part of debt collectors—but also for those scrupulous debt collectors who incur the costs necessary to implement good collection practices. One of the purposes of the FDCPA is "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Under Tolteca's proposed rule, however, debt collectors who do the right thing would have a higher cost of doing business, but would face no less risk of liability. These collectors would be forced to choose between abandoning their preventive procedures or risk being put out of business.

### B. THE FIFTH CIRCUIT HAS CLEARLY STATED THERE IS NO INTENT ELEMENT TO §392.304(a)(8) OF THE TDCA

Tolteca's argument regarding an intent element in § 392.304(a)(8) is contrary to controlling authority.

"The statutory text contains no intent requirement, and Wells Fargo has directed us to no decisions where a court applying the TDCA has inferred an intent requirement. Rather, as suggested by the statute's plain text, district courts have recognized that facially innocuous misrepresentations made in the course of an attempt to collect a debt constitute a violation of Section 392.304(a)(8)". *McCaig v. Wells Fargo Bank (Texas), NA*, 788 F.3d 463, 480-481 (5th Cir. 2015) (collecting cases).

*McCaig* is directly on point, controlling, and fatal to Tolteca's argument. This Court should deny Tolteca's motion for summary judgment on Rojas's TDCA claims.

## C. DEFENDANT HAS NOT MET THE "FORMIDABLE BURDEN" TO MOOT ROJAS'S CLAIMS FOR INJUNCTIVE RELIEF UNDER THE TDCA

Tolteca alleges that it has ceased all collection activity and therefore mooted Rojas's claim for injunctive relief. Its claims fail for lack of evidence.

"[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *See Already LLC v. Nike, Inc.*, 568 U.S. 85, 91(2013) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). Therefore, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

The only evidence Tolteca brings forth is a document entitled "Statement of Eric Allen, Director of Operations, Phoenix Recovery Group". [Doc. 27, Ex. 2] This document is neither an affidavit nor a declaration. It is not made upon personal knowledge. It does not show that author

is competent to testify on the matters stated. It is not subscribed by the author as true under penalty of perjury, let alone in substantially the form allowed by 15 U.S.C. § 1746(2)[2]. Tolteca's second exhibit, the only evidence put forth by Tolteca on this issue, does not meet the requirements of FED. R. CIV. P. 56(c)(4) and the Court should not consider it.

Tolteca has failed in its duty to bring forth competent evidence and therefore the Court should deny Tolteca's motion for summary judgment.

## V. CONCLUSION

Tolteca's motion for summary judgment argues that the relevant portions of the FDCPA and TDCA require Rojas to prove intent in order to prevail. This position is contrary to authority. Tolteca's motion also argues that it has mooted Rojas's claims for injunctive relief. The Court should also deny Tolteca's motion as Tolteca has failed to bring forth evidence in support of its position.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com

### Certificate of Service

I, Tyler Hickle, certify that a true and correct copy of the foregoing was served on Defendants via the electronic filing manager on January 3, 2020.

---

[2] "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".