UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA ROJAS | * | Civil Action No. 1:19-CV-0775-JRN |
| V. | * | |
| TOLTECA ENTERPRISES INC. & TRAVELERS CASUALTY AND SURETY CO. OF AMERICA | * * | |

## DEFENDANT TOLTECA'S FIRST SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") supplements its pending Motion for Summary Judgment to add the "bona fide" error defense . Travelers joins this pleading.

1. Plaintiff claims PRG unlawfully sought to collect a debt on behalf of her former apartment complex (the Reserve at Springdale, Austin, Texas) because it was inaccurate. As a result, Plaintiff claims PRG "misrepresented" the debt and is strictly liable.

2. PRG did not intentionally violate the Federal Debt Collection Practices At (FDCPA) or Texas Debt Collection Act (TDCA). PRG did not know, and had no reason to know, that the debt amount, status, or character was inaccurate. According to Plaintiff's creditor, the Reserve apartment complex, Plaintiff owed a debt. Relying on the Reserve's written billing information, PRG notified Plaintiff that she owed a debt to the Reserve. *See, Billing Statement.* Plaintiff was notified about the debt and her right to dispute the debt. Plaintiff failed to dispute the debt. Therefore, the debt was presumed valid and owed. 15 USC §1692g(a)(3). The assumption was not contradicted for months.

3. Months later, Plaintiff's lawyer, Mr. Tyler Hickle, faxed PRG claiming that the debt was inaccurate. Soon after the fax was received, PRG took prompt action and had the debt deleted and ceased further collection activity.

4. PRG is entitled to a bona fide error defense to Plaintiff's claims under the FDCPA and the TDCA. *See,* 15 USC §1692k( c ) and Tex. Finance Code §392.401 which sets forth the "bona fide" error defense. PRG did not intentionally violate the law. Any attempt to collect the debt which was claimed to be "inaccurate" was due to a "bona fide" error. Plaintiff claims PRG is "strictly liable" despite its lack of knowledge and entitlement to assume the validity of the debt (because Plaintiff did not dispute the debt for months). The summary judgment evidence shows bona fide error, however, and therefore PRG is not liable as a matter of law.

PRG did not intentionally violate the law and it had procedures in place to avoid seeking to collect inaccurate debts. Consequently, the bona fide error defense protects PRG from being liable to Plaintiff. The following summary judgment evidence shows the applicability of the "bona fide" error defense: 1) PRG acted with due care and did not intentionally violate the FDCPA or TDCA nor did it knowingly or intentionally seek to collect an inaccurate debt[1]; 2) PRG had reasonable procedures to avoid collection of inaccurate debts; 3) PRG is not required to do a probing analysis of the debt but can rely on the written billing statement from the Reserve, who said Plaintiff owed it money[2]; 4) PRG was entitled to assume the debt was valid[3] because Plaintiff failed to dispute the debt for many months; 5) PRG did not know the debt was inaccurate[4]; and 6) PRG deleted the debt when it became aware that the debt was inaccurate when the Reserve admitted it had made a mistake.

---

[1] See, 15 USC 1692k( c ); TDCA §392.401, bona fide error defense.

[2] *Jenkins v. Heinz,* 124 F.3d 824 (7th Cir. 1997); *Chaudry v. Gallerizzo,* 174 F. 3d 394 (4th Cir. 1999); *Clark v. Capital Credit. & Coll. Svcs. Inc.,* 460 F.3d 1162 (9th Cir. 2006); *Walton v EOS CCA,* March 21, 2018, 7th Cir. A debt collector can rely on the creditor's information.

[3] See, 15 USC §1692g(a)(3). Debt assumed valid if not disputed.

[4] 15 USC §1692e(8); *Johnson & Higgins Inc. v. Kenneco Energy Inc.,* 962 SW2d 507 (Tex. 1998). Requiring some level of scienter to held liable for misrepresentation.

PRG acted without intent to collect a debt Plaintiff claimed months later to be inaccurate. Lack of intent is shown by the fact PRG did not know, and had no reason to know, the debt was inaccurate. It is also shown by the fact that Plaintiff failed to dispute the debt for many months and so the debt was presumptively valid. Lack of intent is also shown by the fact the Reserve told PRG the debt was owed as stated on its written billing statement. Lack of intent is also shown by the fact that PRG is entitled to rely on the creditor's information and has no duty to do a probing analysis of whether the creditor's information is incorrect. It is enough to show that the creditor said Plaintiff owed money and a debt existed. *Randolph v. IMBS Inc.,* 368 F.3d 726 (7th Cir. 2004)(courts do not impute to debt collectors any information undisclosed by the creditor that the debt has been paid or is bogus to start with). *See also, Walton v. EOS CCA,* No. 17-3040, 7th Cir. March 21, 2018(the law requires 'nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed') citing, *Chaudry v. Gallerizzo,* 174 F.3d 394 (4th Cir. 199); *Clark v Capital Credit & Coll. Servs. Inc.,* 460 F.3d 1162 (9th Cir. 2006).

PRG is not liable due to the defense of unintentional bona fide error. PRG is not liable as a matter of law under the FDCPA or TDCA for statutory damages, costs, and attorney fees. Furthermore, there is no basis for injunctive relief, either, since PRG is not liable, the debt has been deleted, and all collection actions have terminated.

**SUMMARY JUDGMENT EVIDENCE**

Defendant relies on the following summary judgment evidence.

1. All evidence attached to or filed with its Motion for Summary Judgment which shows that the debt was not disputed for months; that PRG did not know and had no reason to know the debt was inaccurate; that PRG is entitled to rely on the creditor's information; and that PRG took quick

measures to delete the debt and cease collection action.

2. The attached declaration of Eric Allen showing the applicability of the bona fide error defense.

WHEREFORE, summary judgment should be rendered for Defendants. This case should be dismissed with prejudice and Plaintiff should take nothing and be assessed all costs of suit.

S/Tom Clarke
Texas Bar No. 04318600
8026 Vantage Dr., Suite 105
San Antonio, TX 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on February 6, 2020, that Defendants' Supplemental Motion for Summary Judgment and exhibits were electronically filed with the court's CM/ECF electronic filing system which will give Plaintiff's attorney, Tyler Hickle, electronic notice of the filing.

S/Tom Clarke