APPENDIX

Declaration of Eric Allen

A.  Move out statement

B.  Debtor listing notes

C.  Initial notice letter

D.  Deletion of account statement

## DECLARATION UNDER PENALTY OF PERJURY

My name is Eric Allen. I make this declaration under penalty of perjury. The information, statements and facts stated herein are on my personal knowledge and are true and correct. I am personally familiar with and worked on the Ms. Rojas' debt account. I have personally reviewed PRG's records and computer notes on Ms. Rojas' account. I personally oversee our client services department which reports to me about the matter of the debt the Reserve said it was owed by Ms. Rojas.

I am the operations manager for Tolteca Enterprises Inc., doing business as the Phoenix Recovery Group (PRG). PRG was provided a written statement billing Debra Rojas for a debt her creditor, the Reserve apartment complex, said she owed for rent, tenant damages, and related charges. A copy of the billing from the Reserve at Springdale apartment complex is attached. PRG relied on the information and set up a collection account for the Reserve at Springdale to collect the debt from Ms. Rojas when the Reseve asked PRG to collect the debt from Ms. Rojas.

The Reserve did not indicate that the billing statement was incorrect or that Ms. Rojas did not owe a debt to the Reserve. Nothing on the billing statement suggests any inacurracy or problem with the debt the Reserve claimed against Ms. Rojas.

PRG routinely relies on such information that necessarily comes from its client, the debtor's creditor. PRG routinely verifies the debt information provided to it from the creditor when it sets up a collection account. In the case of Ms. Rojas, the Reserve confirmed the debt was valid and owed. PRG routinely relies on such account information from the creditor. This procedure was followed in regard to the account of Ms. Rojas.

PRG sent Ms. Rojas a written notice of the debt and demanded she pay it. She was told in the written notice she could dispute the debt within 30 days of receipt of the written notice. The notice informed her to make her dispute in writing. No written dispute was provided by Ms. Rojas to PRG and she did not verbally dispute the debt either. It is PRG's policy to promptly notify the credit reporting agencies of any dispute made or communicated to it, whether the dispute is in writing or verbal. In the case of Ms. Rojas, she did not make a written or verbal dispute that the debt amount her creditor asserted was owed was disputed or invalid. As a result, PRG assumed the debt was valid and owed. It is PRG's policy to send debtors like Ms. Rojas an initial written notice letter and the letter was sent to Ms. Rojas. Ms. Rojas received the letter because she called PRG to discuss the debt. In the discussion she did not state that the debt was inaccurate or not owed.

Some months later, Mr. Hickle, lawyer for Ms. Rojas, faxed a letter stating the debt was inaccurate because it was not owed. After receiving Mr. Hickle's fax, PRG contacted the Reserve and it learned that the Reserve had made a mistake about Ms. Rojas owing it money arising from her tenancy at the Reserve apartment complex. PRG took quick action to remedy the Reserve's mistake.

As a result of getting the fax and inquiring about it, which is PRG's routine procedure, and learning from the Reserve that the Reserve had mistakenly claimed a debt against Ms. Rojas, PRG contacted the credit bureaus and instructed them to delete the debt. Also, PRG ceased any further debt collection activities toward Ms. Rojas.

Ms. Rojas' account is closed with PRG. PRG will not attempt to collect any more from her as to the Reserve.

This directive to cease collection and to delete the account is recorded in the files of PRG and is memorialized in its debtor collection notes and on its computer system at the office of PRG. I personally confirmed this directive. I manually deleted the account.

PRG did not know and could not have known that the debt the Reserve placed with it for collection was inaccurate. All procedures to check on the validity of the debt were followed in the case of Ms. Rojas. The debt was confirmed in writing by the Reserve through its billing statement it provided to PRG. PRG only became aware of the debt being inaccurate when it received Mr. Hickle's fax.

At the time of handling Ms. Rojas' account and at all times PRG sought collection for the Reserve, PRG had in place procedures designed to avoid the error of collection of an inaccurate debt. PRG. These procedures are in place to avoid such an error, if any. Verification of the debt by contacting the creditor; notice of the debt sent to the debtor; and investigation and follow up as needed. Those procedures were followed.

1. The account was verified with the creditor. PRG received written information from the Reserve claiming that Ms Rojas owed it money arising from her lease contract. This written statement constitutes confirmation that is relied upon by PRG in the ordinary course of its collection business. There was no reason to further question the written statement and such information is routinely documented and put into the debtor's account file at and by PRG. PRG employees and myself are trained and educated to notice anything unusual or amiss. In the case of Ms. Rojas the written statement and verification follow up with the Reserve constituted an adequate check of the accuracy of the debt the creditor claims was owed. Nothing was amiss or unusual.

2. A copy of the written bill was provided by the Reserve and added into Ms. Rojas' collection file. The bill was imaged into the computer system of PRG. Nothing unusual was on the written statement and it appeared to be adequate proof of the validity of the amount, status and character of the debt. If there was anything unusual, then it is PRG's procedure to clear up any questions about the validity of the debt. That procedure did not need to be invoked (until much later when the Hickle fax was received) since the billing statement appeared routine and regular.

3. PRG contacted the Reserve and was informed that the account was owed and the amount was accurate.

6

4. PRG reinvestigated the debt after receiving Mr. Hickle's fax and the Reserve looked into the matter and told PRG and me the debt amount was accurate and owed but very soon after that confirmation was received, the Reserve updated their information and told PRG and me that it was mistaken and that the debt account should be deleted. When PRG was updated, PRG acted and immediately notified the credit reporting agencies to delete the debt report and PRG stopped all further attempts to collect the erroneous debt from Ms. Rojas. It is PRG's procedure to take corrective action if it becomes aware that the debt may be inaccurate. Since the debt appeared valid and confirmed by the creditor, the Reserve, and was investigated, the procedures used to verify the debt were followed and PRG assumed the debt was valid and accurate.

So, in conclusion, PRG did not know the debt was not owed. PRG was legally entitled to assume the debt was valid because Ms. Rojas did not dispute the debt after she was notified of her right to do so. The procedure to provide written notice of the debt was followed regarding Ms. Rojas. PRG as is the case with all of its clients, PRG relied on the information from the Reserve which stated, in a written statement of account, that she owed the Reserve a debt. A copy of the statement is attached and that is what PRG was provided and put into Ms. Rojas' collection account file or imaged into the computer system of PRG. PRG acted reasonably and used its standard procedures to avoid the possibility that Ms. Rojas' debt was inaccurate. She did not dispute the debt and did not do so when she had communications with PRG over the telephone. In such telephone calls, she did not tell PRG she did not owe the Reserve or that the debt was disputed. The procedure of documenting the discussion was followed as is PRG's routine and ordinary course of business. The notes on Ms. Rojas show no dispute of the debt (until later on when Mr. Hickle sent a fax).

The record of such calls was made by PRG who tracked what was discussed in the computer notes that each collector employee is trained to do that at PRG. That procedure was followed with contemporaneous notes taken down and inputted into the PRG file on Ms. Rojas. Nothing amiss or questionable was noted or stood out.

Accordingly, PRG did not intentionally violate the Federal Debt Collection Practices Act or Texas Debt Collection Act. PRG used due care in handling Ms. Rojas' account. PRG had no awareness the debt might be erroneous and did not know otherwise until months later when Mr. Hickle sent PRG a fax claiming the debt was inaccurate and the claim was reinvestigated with the Reserve.

Therefore, there was an unintentional bona fide error.

These documents kept and prepared by PRG in the regular course of business support the bona fide error defense:

A. The Reserve statement of account billing (Exh. 3, MSJ).

B. Account deleted on 5-29-2019 "manual deletion of credit report sent" (Exh. 7, MSJ).

C. Initial debt notice letter to Ms. Rojas from PRG dated 11-27-2018 (see Exh. 4, MSJ)

D.  Manual deletion of credit report.  (Exh. 2, MSJ).

E.  All documents, affidavits and declarations attached to the MSJ.

Signed on February 6, 2020 under penalty of perjury and on personal knowledge.

Eric Allen

## Move Out Statement

Date: 1/22/2018

| | | | | | |
|---|---|---|---|---|---|
| Code | t1121811 | Property | 69625 | Lease From | 01/01/2017 |
| Name | Debra Rojas | Unit | 1003 | Lease To | 12/31/2017 |
| Address | 5605 Springdale Rd | Status | Past | Move In | 01/01/2017 |
| | 1003 | Rent | 819.00 | Move Out | 12/31/2017 |
| City | Austin, TX 78723 | | | Notice | 09/19/2017 |
| Telephone | (O)-() -   (H)-() - | | | | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|
| | Balance as of 12/01/2017 | | | (50.00) | |
| 12/01/2017 | Actual Lease Rent (12/2017) | 310.00 | | 260.00 | 59941746 |
| 12/05/2017 | chk# PSID132083460-2501 Terminal PSID 132083460 - CHECK21 | | 310.00 | (50.00) | 41000863 |
| 01/22/2018 | :Security Deposit credit | (150.00) | | (200.00) | 60636088 |
| 01/22/2018 | Carpet Replacement Charges | 260.00 | | 60.00 | 60636089 |
| 01/22/2018 | Cleaning | 80.00 | | 140.00 | 60636090 |
| 01/22/2018 | Damages- full paint | 120.00 | | 260.00 | 60636091 |

**Move Out Statement**

Acct# 247345

Date: 1/22/2018

| Code | 11121811 | Property | 69625 | | Lease From | 01/01/2017 |
|------|----------|----------|-------|--|-----------|-----------|
| Name | Debra Rojas | Unit | 1003 | | Lease To | 12/31/2017 |
| Address | 5605 Springdale Rd | Status | Past | | Move In | 01/01/2017 |
| | 1003 | Rent | 819.00 | | Move Out | 12/31/2017 |
| City | Austin, TX 78723 | | | | Notice | 09/19/2017 |
| Telephone | (O)-()- (H)-()- | | | | | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|------|-------------|--------|---------|---------|---------|
| | Balance as of 12/01/2017 | | | (50.00) | |
| 12/01/2017 | Actual Lease Rent (12/2017) | 310.00 | | 260.00 | 59941746 |
| 12/05/2017 | chk# PSID132083460-2501 Terminal PSID 132083460 - CHECK21 | | 310.00 | (50.00) | 41000863 |
| 01/22/2018 | :Security Deposit credit | (150.00) | | (200.00) | 60636088 |
| 01/22/2018 | Carpet Replacement Charges | 260.00 | | 60.00 | 60636089 |
| 01/22/2018 | Cleaning | 80.00 | | 140.00 | 60636090 |
| 01/22/2018 | Damages- full paint | 120.00 | | 260.00 | 60636091 |

+50 co agenry fee

310.00 total due

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

.....nix Recovery Group

## 247345    ROJAS, DEBRA R

---

| | | | |
|---|---|---|---|
| **....or #** | 247345 | **First Account** | 11/19/2018 |
| **Debtor Name** | ROJAS, DEBRA R | **Last Account** | / / |
| **Address** | 6105 RICHARDSON LANE | **Last Work** | / / |
| **Address** | | **Mail Return** | No |
| **Debtor City** | AUSTIN | **Promise Action** | |
| **St** | TX | **Promise Amt** | 0.00 |
| **Zip** | 78741 | **Promise Date** | / / |
| **Birthdate** | | **Promise Frequency** | 0 |
| **Employer** | | **Promise Val. Date** | / / |
| **Spouse** | | **Promises Broken** | 0 |
| **Bank Acct Number** | | **Restriction Code** | |
| **Bank Routing** | | **Sp Emp Ext** | |
| **Employment Date** | / / | **Spouse Emp Phone** | / - |
| **Debtor Emp. Ext.** | | **Spouse Employer** | |
| **Debtor Emp. Phone** | / - | **Spouse SSN** | - - |
| **Debtor Occupation** | | **USER FIELD** | |
| **Debtor Phone** | / -        Ext | **USER FLD2** | |
| **Debtor Reference** | | **Debtor Statement** | |
| **Debtor SSN** | | **Debtor Type** | |
| **Driver License** | | | |

**Debtor Contact  Notes**

11-20-2019 @ 11:04 by EA  -
09-13-2019 @ 13:52 by EA  -

05-29-2019 @ 09:47 by LEO -  CLIENT REQUEST DELETION OF ACCOUNT TENANT SENT
IN ERROR REQUEST UPLOADED TO IMAGES AND MANUAL DELETION OF CREDIT
REPORT SENT ----CBR RPTG MAN DEL---AUD  96052833
05-06-2019 @ 15:00 by EA  -  RCVD FAX FROM TYLER HICKLE---LOR--*****CALL ATTY
ONLY--512.289.3831---FAXED ATTY VAL, COC, SODA--MARKED AS
DISPUTED---PERFORMED INVESTIGATION OF DEBT--PAPERWORK IN ORDER BUT PUT
EMAIL AND PHONE CALL OUT TO CLIENT TO VERIFY BALANCE DUE
01-07-2019 @ 15:51 by CNN -  sent letter
01-03-2019 @ 14:33 by CNN -
12-20-2018 @ 13:50 by CV  -  mailed out soda
12-20-2018 @ 11:22 by CNN -  The debter is requesting a soda to be mailed out to her.

12-20-2018 @ 11:20 by HC  - ****** DO NOT CALL******
12-20-2018 @ 11:19 by HC  -  RECEIVED CALL FROM DBTR DOES NOT WANT ANYMORE
PHONE CALLS. HAVE COLLECTOR MAIL SODA
12-17-2018 @ 17:37 by CNN -  6288 lmom
12-12-2018 @ 09:40 by CNN -  6288 lmom
12-04-2018 @ 16:31 by CNN -  6288 lmom
11-28-2018 @ 10:27 by CNN -  debter was using foul lanuguage and i released the call

**Debtor Remarks**

12/20/2018 OLD PHONE:512/679-6288
11/19/2018 OLD NAME:ROJAS, DEBRA
SEE IMAGE CV

**Credit Bureau Reports**

**References**

Debtor Previous Address
NAME     :ROJAS, DEBRA
ID    :

NOTES

ROJAS, DEBRA R

#247345

05-29-2019 @ 09:47 by LEO -  CLIENT REQUEST DELETION OF ACCOUNT TENANT SENT IN ERROR REQUEST UPLOADED TO IMAGES AND MANUAL DELETION OF CREDIT REPORT SENT ----CBR RPTG MAN DEL---AUD  96052833

05-06-2019 @ 15:00 by EA -  RCVD FAX FROM TYLER HICKLE---LOR--*****CALL ATTY ONLY-- 512.289.3831---FAXED ATTY VAL, COC, SODA--MARKED AS DISPUTED---PERFORMED INVESTIGATION OF DEBT--PAPERWORK IN ORDER BUT PUT EMAIL AND PHONE CALL OUT TO CLIENT TO VERIFY BALANCE DUE

01-07-2019 @ 15:51 by CNN -  sent letter

01-03-2019 @ 14:33 by CNN -

12-20-2018 @ 13:50 by CV -  mailed out soda

12-20-2018 @ 11:22 by CNN -  The debter is requesting a soda to be mailed out to her.

12-20-2018 @ 11:20 by HC  - .****** DO NOT CALL******

12-20-2018 @ 11:19 by HC -  RECEIVED CALL FROM DBTR DOES NOT WANT ANYMORE PHONE CALLS. HAVE COLLECTOR MAIL SODA

12-17-2018 @ 17:37 by CNN -  6288 lmom

12-12-2018 @ 09:40 by CNN -  6288 lmom

12-04-2018 @ 16:31 by CNN -  6288 lmom

11-28-2018 @ 10:27 by CNN -  debter was using foul lanuguage and i released the call

"B"

THE PHOENIX RECOVERY GROUP
1045 CHEEVER BLVD., #204
SAN ANTONIO, TX  78217
(210) 822-8272
(800) 810-7623

DATE: 11/27/2018

TOTAL DUE: 310.00
CREDITOR: RESERVE AT SPRINGDALE

DEBRA R ROJAS
6105 RICHARDSON LANE
AUSTIN, TX  78741

ACCT # 268045-247345

This account has been turned over to our agency for collections.  Please respond to this
notice with your payment in full to avoid further collection efforts.

If you dispute the validity of this debt, or any portion of it in writing within 30 days of
receipt of this notice,we will mail verification of the debt to you.  If you do not dispute
the validity of this debt within 30 days of receipt of this notice, we will assume it is valid.
At your request, we will provide you with the name and address of the original creditor
if different from the current creditor.

Protect your credit rating by contacting our office to resolve this debt.
This is a matter of serious magnitude which warrants your prompt attention.

This is an attempt to collect a debt, all information obtained will be used for this purpose.

*** You may also pay this account by visiting our website:  PHOENIXRECOVERYGROUP.COM
   (We accept most major credit cards or you can pay with a valid checking account)
   (You can also mail in a payment or walk in a payment to our San Antonio office)

"C"

Ex. 4



Statement of Eric Allen, Director of Operations, Phoenix Recovery Group

1/17/2020

RE: Deletion of collection account for Debra Rojas, Account # 247345

On 5/29/2019, I sent in an E-Oscar electronic request to remove the collection item referenced above regarding a collection account for Debra Rojas on Reserve at Springdale Apartments. This information to remove the account went to all 3 major credit bureaus.

This transmission was done with the control # of AUD 96052833. I have attached a credit review from Trans Union which shows that the item has been successfully removed and it is no longer being reported under the collection trade line that was previously reported by Phoenix Recovery Group.

Sign and Notarized this 17th of January 2020.

Eric Allen
Director of Opertations
210.822.8272

State of Texas
County of BEXAR

This instrument was acknowledged before me this 17th day of Jan, 2020, by
ERIC ALLEN . ✓ Produced TX ID as identification.

_Tabitha Sadowski_
Tabitha Sadowski
Notary Public, State of TX

TABITHA SADOWSKI
Notary Public, State of Texas
Comm. Expires 05-08-2023
Notary ID 124911131

Ex. 2

1045 Cheever Blvd. Ste. #204
San Antonio, TX 78217
210-822-8272 | 800-810-7623 | Fax 210-828-0677
www.phoenixrecoverygroup.com