UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA ROJAS | * | Civil Action No. 1:19-CV-00775 JRN |
| V. | * | |
| TOLTECA ENTERPRISES INC. & | * | |
| TRAVELERS CASUALTY AND | | |
| SURETY CO. OF AMERICA | * | |

**DEFENDANT TOLTECA ENTERPRISES INC.'S SECOND
AMENDED ANSWER**

Defendant Tolteca Enterprises Inc., ("Toltcca") files this Second Amended Answer to address and respond to Plaintiff's First Amended Complaint.

I. Admissions and Denials

1. ¶1 is a general statement of the nature of the lawsuit.  Defendant denies violations of the FDCPA and the TDCA.  All relief should be denied Plaintiff.

2. ¶2 is a statement of subject matter jurisdiction.  Defendant may challenge jurisdiction.

3, ¶3 Venue is admitted in the Western District of Texas..

4. ¶4   is neither admitted nor denied due to insufficient information as to Plaintiff's residence in Travis County, Texas.

5. ¶5 is admitted.  The stated address is incorrect however.  Defendant is located at 1045 Cheever Blvd., #204, San Antonio, 78217 Texas.

6. ¶6 is admitted.

7. ¶7 The allegation concerns the Reserve at Springdale and therefore Defendant need not respond.

1

8. ¶8 Defendant does not have sufficient information to admit or deny the allegation.

9. ¶9 Defendant does not have sufficient information to admit or deny Plaintiff's mental problems and inability to work.

10. ¶10 Defendant does not have sufficient information to admit or deny that Plaintiff is on a fixed disability income and receives a housing stipend.

11. ¶11 Defendant admits that Plaintiff rented an apartment in Austin, Texas in January 2017.

12. ¶12 Admitted.

13. ¶13 Defendant does not have sufficient information to admit or deny that crimes were committed at or near the Plaintiff's apartment complex.  Defendant has absolutely no responsibility for any third party criminal activity in and around Plaintiff's apartment complex.

14. ¶14 Defendant does not have sufficient information to admit or deny that Plaintiff was unable to stay at the apartment complex due to crimes and her mental problems.

15. ¶15 Defendant does not know what action Plaintiff sought from the Austin Tenant's Council so this allegation cannot be admitted or denied.

16. ¶16 is a general statement about the mission of the Tenant Council for which no admission or denial is necessary.

17. ¶17 Does not admit or deny whether the Tenant Council helped Plaintiff get out of her lease with her apartment complex.

18. ¶18 This allegation is subject to being verified by the apartment complex landlord so it is neither admitted nor denied.

19. ¶19 Defendant cannot admit or deny the refund check occurred.

20. ¶20 On information and belief, the landlord may have claimed that Plaintiff owed it money arising from her tenancy.   Defendant observes that the creditor's information provided by it to Defendant was presumed accurate however.

21. ¶21 Defendant believes any money involved was related to her tenancy.

22. ¶22 Admitted subject to the reservation that the account was not assigned but was placed for collection.

23. ¶23 Admitted.

` 24.   ¶24 Admitted.

25. ¶25 The number is presumed accurate.

26. ¶26 Admitted.

27. ¶27 Admitted.

28. ¶28 Admitted.

29. ¶29 Denied.  There was no reported dispute made by Plaintiff in a timely manner. Defendant admits to receiving Mr. Hickle's notice of representation fax on or about April 19, 2019.  The fax also claimed the debt was inaccurate and PRG's collection fee was not authorized in Plaintiff's lease.  Those allegations are denied.

30. ¶30 Unable to admit or deny.

31. ¶31 Unable to admit or deny.

32. ¶32 Unable to admit or deny.

33. ¶33 Admitted but unable to admit to the date of the fax.

34. ¶34 Denied as to the claim of inaccuracy.

35. ¶35 Denied and wrongful conduct occurred.  PRG properly investigated the debt and

took remedial action when warranted.

36. ¶36 Denied.  Collection activity ceased around May 2019.

37. ¶37 PRG initially said the debt was owed but reversed that position when it did its investigation.

38. ¶38 Admitted.

39. ¶39 Unable to admit or deny.  Irrelevant and immaterial as to any issue also.

40. ¶40 Unable to admit or deny such a claim as it is global and not specific.

41. ¶41 Unable to admit or deny.  Calls for speculation and is self serving.

42. ¶42 Denied.  PRG did not force Plaintiff to sue.

43. ¶43 Admitted.

44. ¶44 Admitted.

45. ¶45 Admitted.

46. ¶46 Admitted.

47. ¶47 Admitted .

48.  ¶ 48 Admitted.

49. ¶49 Denied , the Reserve is a creditor.

50. All denials and pleas are realleged.

51.  ¶51 Admitted.

52. ¶52 Admitted.

53. ¶53 Denied that is required or that the letter is deficient.

54. §54 Denied.

55. Defendant realleges its denials and pleas.

56. Denied.  The debt was not falsely represented.

57. Defendant realleges its denials and pleas.

58. §58 unable to admit or deny what the Reserve did.

59. §59 Denied.  The debt was not misrepresented.61.

60. §60 Unable to admit or deny.  Irrelevant and immaterial in any event.

61. §61 Unable to admit or deny.  Irrelevant and immaterial in any event.

62. Defendant realleges its denials and pleas.

63. §63 Denied. Plaintiff's lease with the Reserve authorizes collection fees and they are not prohibited by law.

64. §64 all claims for relief are denied.

## Affirmative Defenses and Pleas

65. Defendant alleges the 1 year FDCPA Statute of Limitations as to each and every FDCPA violation claim of the Plaintiff.  Plaintiff claims the Statute of Limitations as to any common law or TDCA cause of action.

66.  Defendant alleges that Defendant terminated any debt collection activity soon after receiving Mr. Hickle's fax letter and instructed all credit bureaus and credit reporting agencies to delete Plaintiff's account information about the debt involved in this lawsuit. Consequently, Defendant ceased and desisted in response to Plaintiff's lawyer's fax letter of April 2019.  This means, Defendant acted properly under the FDCPA and TDCA.  Defendant terminated its collection efforts in May 2019 snd the credit reporting agencies were informed to delete Plaintiff's credit report regarding a debt from her apartment complex.  On information and belief the Plaintiff's account was deleted by the credit bureaus.

5

Since Plaintiff did not dispute the debt, the FDCPA allows the Defendant to continue its attempts to collect the debt. 15 USC §1692c( c ). In any event, when there is an oral dispute request, a debt collector does not have to verify the debt or cease collection activities pending verification. *Camacho v. Bridgeport Fin. Inc.,* 430 F.3d 1078 (9th Cir. 2005). Regardless, Defendant did report the debt as "disputed" on or about May 6, 2019. As a result of promptly responding to Mr. Hickle's fax, Defendant alleges that it took care of Plaintiff's concerns and the case is not in controversy anymore.

Additionally, Plaintiff's creditor said the debt was accurate but nonetheless, told Defendant to stop collection and to delete the account, which did happen in May 2019.

Consequently, Defendant alleges the Plaintiff has received all relief she might have been entitled to and there is no further justiciable controversy and this case is moot.

Plaintiff has no injury in fact either and no standing to sue for non existent violations of the FDCPA, TDCA or common law.

67. Plaintiff is not entitled to injunctive relief under the FDCPA since the statute does not allow it. *Sibley v Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir. 1982). Also, there are no grounds for an injunction since Plaintiff's debt has been deleted and no more collection activity is being undertaken by Defendant. There is no need for an injunction and Plaintiff cannot prove grounds for an injunction.

68. Statutory damages, award of costs and/or attorney fees for the Plaintiff are not awardable because Plaintiff cannot prove a violation of any asserted FDCPA claims including 15 USC §1692e, 1692f, 1692g(a)(5) and 1692e(2) and/or under the TDCA §392.204 and 392.304. Furthermore, Plaintiff cannot double up on any statutory penalties under the one satisfaction doctrine of law.

69. Defendant asserts the affirmative defense of 15 USC §1692k( c ) that if it did violate the FDCPA it was not intentional, knowing, willful or purposeful, and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Similarly, Defendant asserts the affirmative defense of bona fide error set out in Texas Finance Code Ch. 392.401. In this regard as to any claims under the TDCA and FDCPA the Defendant would show that if any FDCPA or TDCA violations occurred, or as to any debt status, amount or character was in any way inaccurate or allegedly false, that was not intentional, knowing or recklessly sought to be collected on and that Defendant acted without intent, knowledge or recklessly and that it reasonably relied on the creditor, the Reserve apartments at Springdale, who leased to the Plaintiff, that Plaintiff owed it money. Also, it would be shown that Plaintiff did not promptly dispute the debt and therefore, Defendant was entitled to assume that the debt and account was owed and valid as to its amount, status, or character. Also, Plaintiff did not seasonably or promptly invoke any dispute about the debt and any dispute was untimely, late and delayed. However, Defendant did cause the debt to be deleted thereby mooting and remedying any complaint Plaintiff has in this matter. Plaintiff did not act to mitigate.

Furthermore, Plaintiff sustained no damages and no mental anguish. Therefore, she is not entitled to any relief for statutory penalties, costs or attorney's fees under the TDCA.

Furthermore, Plaintiff admitted to having no mental anguish and being upset or strained is insufficient to support any actionable claim or claim for damages of any sort.

Furthermore, Plaintiff lacks credit or creditworthiness and if she is having any trouble finding a place to live it is solely because of her poor credit history and inadequate income and finances.

Furthermore, Defendant denies any violation of the FDCPA, TDCA or common law and

generally denies each and every allegation that Defendant is liable to Plaintiff, all liability being denied.

WHEREFORE, Defendant prays this lawsuit be dismissed with prejudice; that Plaintiff take nothing and pay all costs herein. Defendant prays for such other relief as may be just. Defendant Travelers asks for the same relief.

S/Tom Clarke
Texas Bar No. 04318600
8026 Vantage Drive, Suite 105
San Antonio, Texas 78230
tclarkeatty7@aol.com

Attorney for Defendants

CERTIFICATE OF SERVICE

This document has been e-filed with the court's CM/ECF electronic filing system on February 26, 2020, which will give electronic notice to Plaintiff's attorney, Tyler Hickle.

S/Tom Clarke

8