UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEBRA ROJAS                          *        Civil Action No. 1:19-CV-0775-JRN

V.                                   *

TOLTECA ENTERPRISES INC. &           *
TRAVELERS CASUALTY AND
SURETY CO. OF AMERICA                *

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, OBJECTIONS TO THE INFORMATION SOUGHT, AND MOTION FOR A PROTECTIVE ORDER

Now comes Tolteca Enterprises Inc., (joined pro forma by derivative Defendant, Travelers Casualty & Surety Co. of America).

### I.  Parties

1.  Plaintiff is Debra Rojas.

2.  Tolteca Enterprises Inc., is a Defendant.

3.  Travelers is a surety company who wrote a bond for Tolteca which is required under Texas law in order to conduct collection of debts in the State of Texas.  The bond is on file with the Texas Secretary of State.  Travelers has no direct liability in this matter and is merely the surety company who is not required to be joined in this case.  Their joinder was unnecessary and was done in the vain hope that it would pressure Tolteca into caving into Plaintiff's liability claims.  Their joinder is another example of Plaintiff's attorney seeking to harass Tolteca with this lawsuit and to drive up the cost of litigation.

4.  The co-Defendant is Plaintiff's creditor and former landlord, the Reserve at Springdale.

### II.  Nature of the Dispute

1

5.   Plaintiff's attorney, Mr. Tyler Hickle, demands that Tolteca provide the addresses and telephone numbers of its agents and employees who have been identified as having information about this lawsuit.  The agents and employees do not want to divulge their addresses and telephone numbers and do not want to authorize Tolteca to provide such information.  The agents and employees addresses and telephone numbers are private and Tolteca respects that.  Also, Tolteca's agents and employees do not want to be bothered by Mr. Hickle.  Their privacy concerns outweigh Mr. Hickle's vague claims about needing their private information.

6.   Tolteca's attorney, has informed Mr. Hickle that he can make appropriate arrangements to depose such persons or contact them through Tolteca's attorney.  Tolteca respectfully submits that this is reasonable.  Mr. Hickle rejects the proposed solution.  Mr. Hickle is being unreasonable and does not appreciate the privacy of Tolteca's agents and employees.  Incredibly Mr. Hickle states in his email (Exhibit 1) that he does not know why the agents and employees' information would be private.[1]  Mr. Hickle's intent appears to be to harass Tolteca and its agents and employees.

### III.  Background

7.   Tolteca has control over their agents and employees who have been disclosed as having some relevant information about this lawsuit.  The information was gained through their jobs at Tolteca.  Tolteca has disclosed to Plaintiff and Mr. Hickle the substance of their relevant knowledge regarding this lawsuit.

There are two exceptions however.  Connie Broderick is deceased.  Leon Espinoza is no longer employed with Tolteca and is no longer subject to any control over him by Tolteca.

---

[1]Mr. Hickle has repeatedly complained about the inadvertent disclosure of his client's sensitive private information but will not extend the same courtesy to Tolteca's agents and employees.

2

8. The following persons have been identified as persons having relevant knowledge and are potential witnesses who are under the control of Tolteca and who can be contacted through Tolteca;s attorney.  They are:

a.  Frank Gamboa, company president;

b.  Chris Haines, company vice president;

c.  Eric Allen, operations manager;

d.  Claudia Vergara, clerk at Tolteca;

e.  Henrietta Jackson, collector at Tolteca.

Ms. Jackson had one telephone contact with Ms. Rojas.  The conversation was brief.  It happened back in 2018.  Ms. Vergara handled some in house paperwork.  No known contact directly with Ms. Rojas.  Her clerical input was back in 2019.  Frank Gamboa and Chris Haines had no direct contact with Ms. Rojas and know about her account through their supervisory roles and know about company policies and procedures and about bona fide error a defense Tolteca has against Plaintiff's lawsuit.  Eric Allen had some contact with Ms. Rojas and Mr. Hickle.  He would have the most knowledge about Ms. Rojas account and regarding the defenses of lack of knowledge, reliance on the  creditor's information and the defense of bona fide error.

Mr. Gamboa, Haines, and Allen may have expertise on credit scores and debt reporting and the collection industry in general and in particular reference to Ms. Rojas account.

Plaintiff and  her attorney, have made no effort to depose any of the foregoing agents and employees.

9. Regarding Leon Espinoza, Tolteca has lost contact with him.  Tolteca does not have his current contact information.   Apparently, a telephone number is on an email that Mr. Hickle has.

But, he has not sought to call Mr. Espinoza using that number.  That is inexplicable and shows lack of diligence.  Furthermore, Plaintiff references an Exhibit to her motion to compel that displays emails between Ms. Ross an executive at the Reserve (Plaintiff's creditor and former landlord) and Mr. Espinoza which touches on Ms. Rojas' account at the Reserve.  This demonstrates that Mr. Hickle can obtain information about Ms. Rojas' account through Ms. Ross and he does not really need anything from Mr. Espinoza.  Plaintiff and her attorney have made no effort to depose Ms. Ross about the email and Ms. Rojas' account.   Mr. Hickle's concern about Mr. Espinoza is a phony controversy that Mr. Hickle has contrived as part of his campaign to malign and harass Tolteca.

## IV. Argument

10.  Tolteca contends that Mr. Hickle is harassing Tolteca and is being unreasonable.

11.  Tolteca would show that contacting the above identified persons through counsel is reasonable and is customary in litigated cases. (See, Exhibit 1, Tom Clarke Declaration).  No attorney has ever complained but the request is routinely respected and honored.

12.  Tolteca's attorney, has been in federal court cases for about 30 years.  During that time period, numerous lawyers have responded to discovery about persons with relevant knowledge who are agents or employees of a party-litigant, and have routninely stated that such persons can be contacted through the attorney of record.  That is customary and usual. (See, Exhibit, Tom Clarke Declaration).

13.  Mr. Hickle alludes to being hampered in doing a background check.  The claim is flimsy, weak, and shows nothing more than a desire to engage in a fishing expedition.  Mr. Hickle fails to inform the Court the need for background information "among other things" and how the private address and telephone number information of Tolteca's agents and employees is needed to prepare

for trial. If Mr. Hickle really wants to get ready for trial he can depose Tolteca and its agents and employees.

14.   Notably, Plaintiff and Mr. Hickle have not sought to depose any of the agents and employees of Tolteca. This shows no diligent effort to prepare for trial.

15.   On information and belief, Mr. Hickle has repeatedly hassled co-Defendant the Reserve at Spingdale with unimportant matters concerning this lawsuit. (See, Exhibit 2, attached). This is another indication that the real purpose of the motion to compel private information is to annoy, abuse, and harass Tolteca and their agents and employees.

16.   Other discovery tools are at Mr. Hickle's disposal but he refuses to spend the money to take depositions.

17.   Plaintiff does not need private addresses and telephone numbers to prepare for trial. (See, p. 3, Motion to Compel). Plaintiff and Mr. Hickle seek to engage in a fishing expedition.

18.   The Plaintiff and her lawyer are quibbling despite their assertion to the contrary.

19.   Another example of quibbling and harassing Tolteca is that Mr. Hickle bemoans not having the address information on Leon Espinoza. In this regard, Mr. Hickle and his client, Ms. Rojas, admit that Mr. Espinoza had an email exchange with Denise Ross of co-Defendant the Reserve at Springdale. This is shown in Plaintiff's Exhibit 3 to the motion to compel. Clearly, Plaintiff can depose Ms. Ross about the topic described in Plaintiff's Exhibit 3 which obviously means that Plaintiff can get the same information from Ms. Ross and there is no compelling need to contact Mr. Espinoza. Mr. Hickle is making a mountain out of a molehill. Furthermore, the email chain appears to state Mr. Espinoza's telephone number which also means that Plaintiff and Mr. Hickle can try calling the number to speak with Mr. Espinoza. But apparently he has not tried

to do that.  Another example of Mr. Hickle's lack of due diligence.

## V.  Objections to the Discovery Sought

20.  Tolteca objects to furnishing the private addresses and telephone numbers of its agents and employees.

21.  The following objections are asserted:

a.  The information is private and would be an undue and unnecessary invasion into the privacy of the agents and employees and such persons have not granted Tolteca permission to release their private information;

b.  Plaintiff and Mr. Hickle are harassing Tolteca and its agents and employees;

c.  The information sought constitutes a fishing expedition for background information;

d.  The information sought is not reasonably calculated to lead to the discovery of admissible evidence;

e.  The information is not necessary to the fair presentation of this case;

f.  The information is not relevant and not material to any substantial issue in this case;

g.  Tolteca has produced its file on Ms. Rojas and that information contains enough information to describe the relevant information about Ms. Rojas and so the addresses and telephone numbers of Tolteca's agents and employees are not needed;

h.  Plaintiff has not made a case to substantially justify needing the private information of Tolteca's agents and employees;

i.  Contacting Tolteca's counsel about Tolteca's agents and employees is an adequate and reasonable method Plaintiff has available to conduct any investigation she claims is needed to prepare for trial;

6

j. The agents and employees privacy concerns outweigh Plaintiff's disingenuous arguments for their private information;

k. Plaintiff and her counsel are engaging is a campaign of discovery abuse to malign Tolteca.

22. Tolteca's objections to disclosing the private information should be sustained.

## VI.  Request for a Protective Order

23. Tolteca moves for a protective order.

24. Conferring with Mr. Hickle on a protective order would be futile.

25. A protective order is needed to protect Tolteca and its agents and employees from being annoyed, oppressed, and harassed.

A protective order should forbid the disclosure of the agents and employees private information.

A protective order should specify that Plaintiff and his attorney may only contact the agents and employees of Tolteca through counsel and that the protective order should state that unless the agent or employee is subpoenaed to testify in court or via a deposition that any such agent or employee may refuse to speak with Plaintiff or her counsel, Mr. Hickle.

A protective order should state that any attempts to interrogate any of Tolteca's agents and employees shall occur only if Tolteca's lawyer is present while the discovery is conducted.

A protective order should state that Tolteca's agents and employees may only be interrogated through a deposition with a court stenographer and with Tolteca's counsel being present.

A protective order should be entered requiring any documents that may be discussed with any of Tolteca's agents and employees be deemed confidential and subject to a protective order to prevent any of Tolteca's trade secrets, methods of business, or commercial information from being

used outside this litigation.

26.  A protective order is authorized under Rule 26( c ), FRCP.

### VII.  Sanctions are not Justified

27.  Sanctions are not justified for the reasons set forth in this Response.

28.  Offering a way to contact Tolteca and its agents and employees through Tolteca's counsel is a reasonable way for Plaintiff and her attorney to get ready for trial.  Mr. Hickle has not show any substantial need or justification for the private information of Tolteca's agents or employees.  Nor, has he shown any diligence in finding Mr. Espinoza.

29.  Contacting witnesses through a party's attorney and who are subject to the party's control is the usual and customary way litigation is conducted.

30.  Plaintiff and her counsel have made no effort to take depositions of the agents and employees of Tolteca.

31.  Plaintiff and her counsel have not attempted in good faith to obtain the information they claim is needed to prepare for trial by contacting Tolteca's counsel.  This lack of good faith is motivated by an intention to drive up the cost of litigation and to harass and annoy Tolteca and its agents and employees whose information is private.

32.  An award of sanctions against Tolteca is not just under the circumstances.  Plaintiff and her attorney have made no good faith effort to obtain the purported "background" information without invading the privacy of Frank Gamboa, Chris Haines, Henrietta Jackson, Claudia Vergara, and Eric Allen.  Plaintiff can take depositions but simply refuses to spend the money to do so.

33.  Tolteca contends that Mr. Hickle has refused to reach a reasonable solution about the private information of Tolteca's agents and employees.  Instead of seeking a reasonable solution, Mr.

Hickle has rushed headlong into Court with a motion to compel.  If anyone should be sanctioned, perhaps it should be Mr. Hickle who should be sanctioned under Rule 37(B) for driving up litigation costs and causing Tolteca to oppose the motion to compel on the reasonable grounds of privacy concerns and related objections.

34.  Mr. Hickle, for and on behalf of the Plaintiff,  has clearly tried to make a mountain out of a molehill.  His conduct has not been substantially justified and there has been  no showing of a substantial need for the information sought.

WHEREFORE, Tolteca Enterprises Inc., asks the court to deny the motion to compel, sustain its objections to the discovery, and to fashion a protective order to protect Tolteca and its agents and employees private information from being disclosed or disseminated.

<u>S/Tom Clarke</u>
Texas Bar No. 04318600
8026 Vantage Dr. #105
San Antonio, Texas 78230
210/340-8448
210/348-7946 fax
Attorney for Tolteca Enterprises Inc.

## <u>CERTIFICATE OF SERVICE</u>

On April 22, 2020, the foregoing was e-filed with the Court's CM/ECF electronic filing system which will electronically served Plaintiff's Attorney, Tyler Hickle, and will serve the Reserve at Springdale's Attorney, M. Wilson Stoker.

S/Tom Clarke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEBRA ROJAS                              *        Civil Action No. 1:19-CV-0775-JRN

V.                                               *

TOLTECA ENTERPRISES INC. &               *
TRAVELERS CASUALTY AND
SURETY CO. OF AMERICA                    *

## ORDER ON MOTION TO COMPEL AND ORDER FOR A PROTECTIVE ORDER

The court denies the Plaintiff's motion to compel.  The privacy concerns of the agents and

employees of Tolteca Enterprises Inc., outweigh the vague concerns of Plaintiff and her counsel for

the information sought and they have not articulated a substantial need for the information, and the

court finds that there is no substantial justification for the invasion of the privacy of Tolteca's agents

and employees.        The court grants the objections to disclosure of the private information of

Tolteca's agents and employees.

The court will enter a protective order in this case in accordance with  the confidentiality

order set out in the court's website.  The protective order will cover any and all information and

documents in this cause from any party.

No sanctions are granted against Tolteca Enterprises Inc.

So ordered.

Signed _____, 2020.


                              _____
                              United States District Court Judge


10

11