IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEBRA ROJAS,** *Plaintiff* | § § § | |
| -vs- | § § | A-19-CV-00775-JRN |
| **TOLTECA ENTERPRISES, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, RESERVE AT SPRINGDALE, LP,** *Defendants* | § § § § § | |

## ORDER

Before the Court in the above-entitled and styled cause of action are Defendant Tolteca Enterprises, Inc.'s ("Tolteca") Second Motion for Summary Judgment (Dkt. 52); Defendant Reserve at Springdale, LP's ("The Reserve") Motion to Dismiss (Dkt. 58); Tolteca's Motion to Dismiss for Lack of Jurisdiction (Dkt. 62); and Plaintiff's Motion to Compel (Dkt. 68). For the reasons explained herein, the Court finds that the Motions for Summary Judgment and to Dismiss should all be DENIED and the Motion to Compel should be GRANTED.

### a. Tolteca's Second Motion for Summary Judgment

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013).

On a motion for summary judgment, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The nonmoving party's evidence must be accepted as true, and all reasonable inferences must be drawn in that party's favor. *Anderson*, 477 U.S. at 255; *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318 (11th Cir. 2015) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)); *accord Askanase v. Fatjo*, 130 F.3d 657, 665 (5th Cir. 1997) ("Summary judgment is inappropriate when conflicting inferences and interpretations may be drawn from the evidence."); *see also Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982) ("That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues.").

Tolteca moves for partial summary judgment on the sole grounds that the new causes that Plaintiff alleges in her First Amended Complaint under the Federal Fair Debt Collection Practices Act ("FDCPA") are barred by the relevant statute of limitations. (Mot., Dkt. 52, at 1); *see also* 15 U.S.C. § 1692(k). Plaintiff responds that the new causes are timely pursuant to the Relation-Back Doctrine of Rule 15(c)(1)(B). Fed. R. Civ. P. 15(c)(1)(B). This rule "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Subsection (B) allows the amended pleading to relate back if "the amendment asserts a claim or defense that arose out of the conduct,

transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff argues that because the amended complaint and the original complaint "arise out of the same underlying facts" and "involve nearly identical factual allegations," Tolteca was on notice of the plaintiff's general claim. (Resp., Dkt. 54, at 3) (citing *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968) ("Notice is the critical element involved in Rule 15(c) determinations"); *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d 687, 694 (6th Cir. 2017) ("[I]f the original complaint puts a defendant on notice of the plaintiff's general claim, then new allegations that merely build on that claim should come as no surprise.")).

Tolteca responds that, because the amended complaint included allegations that Tolteca charged a collection agency fee, those claims constitute a separate cause of action outside the purview of the Relation-Back Doctrine. (Reply, Dkt. 56, at 1). The Court does not agree that the addition of the collection agency fee allegation is so distant as to constitute a "separate cause of action." The Supreme Court in *Williams* clarified that the court should look to whether the original complaint put Defendant on notice of the allegations of the amended complaint. *Williams*, 405 F.2d at 236. The Court finds that the original complaint put Defendant on notice of the allegations raised in the amended complaint.[1]

### b. The Reserve's Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The Court does not consider Tolteca's remaining summary judgment arguments as they were raised for the first time in Tolteca's reply brief.

(2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545. The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *United States ex rel. King v. Univ. of Texas Health Science Center-Houston*, 907 F.Supp.2d 846, 849 (S.D. Tex. 2012).

The Reserve brings a motion to dismiss under Rule 12(b)(6) on the grounds that Plaintiff's amended complaint does nothing more than "make conclusory allegations that The Reserve misrepresented the amount of Plaintiff's alleged debt." (Mot., Dkt. 58, at 1). To bring a claim under the Texas Debt Collection Act ("TDCA"), a plaintiff must show "(1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of Defendants' wrongful act." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 743 (E.D. Tex. 2013). The Reserve challenges whether plaintiff has "alleged a wrongful act of misrepresentation under elements (3) and (4)." (Mot., Dkt. 58, at 1). Plaintiff responds by pointing out a number of factual allegations in the amended complaint, including that The Reserve falsely claimed Plaintiff owed money, did

so after issuing a refund to Plaintiff, and assigned the debt to co-Defendant Tolteca for collection. These allegations, taken as true, are sufficient to overcome a 12(b)(6) motion.

### c. Tolteca's Motion to Dismiss for Lack of Jurisdiction

Tolteca moves the Court to dismiss Plaintiff's claims alleging violations of both federal and state debt collection practices acts on the grounds that Plaintiff has not adequately pled an injury in fact or actual damages, and the Court therefore lacks jurisdiction. To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robbins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)).

In response, Plaintiff points out that, because she "has alleged specific statutory provisions that were violated and has also stated what statutory provisions entitle her to relief," she has "suffered an alleged harm sufficient to satisfy the injury-in-fact requirement." (Resp., Dkt. 67, at 3) (citing *Hackler v. Tolteca Enterprises, Inc.*, No. SA-18-CV-00911-XR, at *3 (W.D. Tex. Sept. 9, 2019). Regarding injury, Plaintiff has alleged serious upset, strain, and fear of the inability to find housing as a result of Defendants' actions and reporting her to credit bureaus. Plaintiff points to *Brown v. Oaklawn Bank*, 718 S.W.2d 678 (Tex. 1986), wherein the Supreme Court of Texas, in a Debt Collection Act case, considered such damages as "serious[] upset," "fear" and "strain" worthy of remand to trial court for determination of damages. The court further recognized that one of the purposes of the TDCA was to "prevent creditors from preying upon a consumer's *fears* and ignorance of the law to pursue allegedly delinquent deaths." *Id.* at 680 (emphasis added).

Tolteca responds by pointing to *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180 (Tex. App.—Austin 1997, no writ). However, an analysis of *Elston* reveals the case supports Plaintiff's damages argument. The *Elston* court considered whether the plaintiff had suffered actual damages when he experienced "anxiety, sleeplessness," "stress," "upset," being "stunned" and feeling as though the defendant had "taken advantage" of him. *Id.* The Court concluded that he *had* "suffered actual damages," but had failed to tie those damages to the alleged TDCA violations of the defendant. *Id.* at 184–85 ("Elston suffered actual damages . . . [but not] as a result of [the defendant's violations].. . . Elston alleges various physical and psychological injuries but does not link them to the actual violations of which he complains."). Thus, *Elston* can be distinguished from the case at hand, where all of Plaintiff's alleged damages are tied closely to the defendants' alleged violations.

The Court does not here decide the validity or amount of Plaintiff's damages—those are matters for the jury to determine—but the Court is satisfied that standing has been established.

### d. Plaintiff's Motion to Compel

Finally, Plaintiff requests the Court to order Tolteca to "provide the address and telephone number of each individual likely to have discoverable information." Out of an apparent desire to exemplify the Court's earlier point that Tolteca's counsel, Tom Clarke, is attempting to "harass Plaintiff and the Court," he has refused to provide such information in flagrant violation of Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (both parties must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . .").

The requested information will be disclosed to Plaintiff within 3 business days of the date of this order.[2]  Mr. Clarke is advised that further violations in the same vein will result in sanctions.

## CONCLUSION

For the reasons explained herein, the Court enters the following orders:

**IT IS ORDERED** that Tolteca's Second Motion for Summary Judgment (Dkt. 52); The Reserve's Motion to Dismiss (Dkt. 58); and Tolteca's Motion to Dismiss for Lack of Jurisdiction (Dkt. 62) are all **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Dkt. 68) is **GRANTED**.

SIGNED this 7th day of May, 2020.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

---

[2] Included in the briefing on this motion are individual requests by the parties for the entry of a confidentiality and protective order. The Court will consider the entry of such an order, but the parties must first confer and submit (preferably jointly) a separate motion for its entry. The Court will not permit a delay in turning over the Rule 26 disclosures despite the absence of such an order, because Rule 26 makes clear that such a disclosure is intended to be automatic.