UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBRA ROJAS | * | Civil Action No. 1:19-CV-0775-JRN |
| V. | * | |
| TOLTECA ENTERPRISES INC. & | * | |
| TRAVELERS CASUALTY AND | | |
| SURETY CO. OF AMERICA | * | |
| & THE RESERVE AT SPRINGDALE, LP., | * | |
| & LINCOLN APARTMENT MANAGEMENT | | |
| LIMITED PARTNERSHIP | * | |

**DEFENDANT TOLTECA'S REPLY TO PLAINTIFF'S RESPONSE
OPPOSING TOLTECA'S MOTION FOR LEAVE TO FILE ITS
REVISED MOTION FOR SUMMARY JUDGMENT
AND TO ENLARGE THE PAGE LIMIT**

Now comes Tolteca Enterprises inc., joined by Travlers Casualty & Surety Co of America.

1. Good cause does exist to grant Tolteca leave to file its revised motion for summary judgment.

2. The good cause is that the court has not yet had to address a summary judgment in this case about the very merits of Plaintiff's lawsuit.

3. Previously, Tolteca had sought summary judgment on Plaintiff's claims of misrepresentation and for lack of damages. (Doc. # 27, 1/27/2020).

4. This summary judgment motion was mooted because Plaintiff amended her Complaint. (Doc. # 61, mooting the summary judgment motion as set forth in Doc. # 27).

5. Plaintiff side stepped the pending summary judgment motion by amending her Complaint. Also, Plaintiff added two more claims to her lawsuit through her amended

Complaint. The original motion for summary judgment did not address the two new claims because they had not been pleaded in the original Complaint. Tolteca then sought a summary judgment attacking the two new claims on the basis of being barred by limitations. (Doc. 52, 2/27/2020). The court denied that second motion for summary judgment.

So the procedural posture was this: the original summary judgment was mooted and the statute of limitations summary judgment was denied. All of this happened because Plaintiff amended her Complaint.

6. Consequently, the court really has not had the opportunity to consider a summary judgment that is fully ripe. Now it is ripe and that is why the pending motion for summary judgment is a *Revised* summary judgment motion. All of Plaintiff's claims on the merits of Plaintiff's lawsuit are squarely addressed for the first time in this lawsuit by the Revised Motion for Summary Judgment. (Doc. # 95, 95-1 and exhibits, 8/19/2020).

7. Fundamental fairness and justice weighs heavily in favor of granting Tolteca leave to file the Revised Motion of Summary Judgment. For the first time Plaintiff will have to discuss the law applicable to the facts in this lawsuit.

8. Furthermore, if Tolteca's summary judgment is granted, judicial economy will be promoted because the need for a jury trial will be obviated. This will save court time and the expense of a jury trial.

9. Finally, in order to permit a fair presentation of the summary judgment issues, the 10 page limit set out in Docket # 17 should be enlarged to permit the 18 pages of Tolteca's Revised Motion for Summary Judgment (exclusive of exhibits, proposed order and certificate of service).

Noteworthy in this regard is that the Local Rules contemplate a page limit of 20 pages for a dispositive motion. *See, CV-7(d)(3).* Tolteca's 18 pages are less than the 20 page limit in the

Local Rules of the United States District Court for the Western District of Texas.

Additionally, Plaintiff has brought a multitude of claims under two statutory schemes; namely, the Federal Debt Collection Practices Act and the Texas Debt Collection Act.

There really is no feasible way to seek summary judgment in this lawsuit with only 10 pages to work with in view of the multiple claims Plaintiff asserts.

The 18 pages of Tolteca's Revised Motion for Summary Judgment should be permitted because it took that many pages to present and articulate the arguments, factual references, case law, and statutory citations that Plaintiff's lawsuit has provoked. Fundamental fairness and justice supports allowing Tolteca's 18 pages and leave to file the Revised Motion for Summary Judgment should be granted. Rule 1 of the Federal Rules of Civil Procedure indicate that the rules should be construed and administered to secure "the just, speedy and inexpensive determination of every action". Allowing the 18 pages promotes the goals of Rule 1.

WHEREFORE, Tolteca (and Travlers) ask the court to grant leave to file the Revised Motion for Summary Judgment.

S/Tom Clarke  
Texas Bar No. 04318600  
8026 Vantage Dr., Suite 105  
San Antonio, Texas 78230  
210/340-8448  
210.348-7946 Fax  
tclarkeatty7@aol.com

CERTIFICATE OF SERVICE

I certify that on Sept. 2, 2020, the foregoing was electronically filed with the court's CM/ECF system which will give Plaintiff's Attorney, Tyler Hickle, Wilson Stoker, Attorney for the Reserve, and David Fritsche, Attorney Lincoln Property Management/Lincoln Apartment Mangement Limited Partnership, electronic notice of the filing.

S/Tom Clarke